ALFRED MAJOR, Appellant, *v.* WILLIAM D. DUNNAVANT, Appellee.

APPEAL FROM ST. CLAIR.

When the title fails to a part of the land sold for a gross sum, the measure of damages, for a breach of the covenant of warranty, is, such a proportion of the consideration paid, as the value of that part of the land to which the title has failed, bears to the value of the whole land, and interest on such proportion.

THIS was an action for alleged breach of covenant, against incumbrances in a deed conveying the following lands, viz.: south-east quarter of section seven, containing one hundred and sixty acres; east half of east half of south-west quarter of section seven, containing forty acres; and east half of south-west quarter of section eleven, containing eighty acres; all in township one north, range five west; in all, two hundred and eighty acres.

Declaration alleges, that the breach consisted of an incumbrance on said east half of south-west quarter of section eleven, at the time the deed was made, (9th February, 1859,) and that the same matured into a title, whereby that portion of said land was lost to the plaintiff, to his alleged damage of twelve hundred dollars.

Pleas: 1st, that defendant did not covenant in the manner and form as charged in the declaration; 2nd, that at the time

of conveyance there was no such incumbrance as charged in the declaration; 3rd, that after the conveyance, and before the expiration of the time within which said east half of south-west quarter of section eleven might have been redeemed, for a consideration the plaintiff agreed with defendant that plaintiff would redeem the same, but of his own wrong failed so to do, whereby said land was not redeemed ; 4th, that the deeds referred to in plaintiff's declaration are not defendant's deeds.

Plaintiff introduced a deed from defendant and wife to plaintiff, conveying said lands, with covenant against incumbrances and of warranty ; to the introduction of which, the defendant objected at the time.

Plaintiff next introduced a certified copy of a record from the Circuit Court of Clinton county; to the introduction of which, the defendant objected at the time.

Plaintiff next introduced a sheriff's deed for the land last aforesaid ; to the introduction of which, defendant in like manner excepted.

Plaintiff then introduced *James Sublett*, a witness, who testified that he was present when the plaintiff and defendant first talked about the trade for the lands described in the declaration ; that the defendant asked seven thousand dollars for the whole together ; that witness inferred or understood that this was an offer of the whole at twenty-five dollars per acre all round, but could not state that defendant had used such an expression ; that the plaintiff offered twenty-five dollars per acre for the two hundred acres, which the defendant refused to accept, saying he would not sell a part without the whole ; that neither plaintiff nor witness had seen the eighty acres; that the plaintiff and defendant could not agree upon the terms of a trade, and the plaintiff left and went home, (in Missouri,) leaving witness to make the trade for him.

That a few days afterwards, the witness, as agent for the plaintiff, bargained with the defendant for the two hundred and eighty acres described in said deed ; that in bargaining for said land he offered twenty-five dollars per acre for the two hundred acres, aside from the eighty acres about which this suit arose, but did not want to give that for the eighty acres ; that defendant refused to accept that offer, but said he would take seven thousand dollars for the whole ; that the defendant rejected the offer which the witness made for the two hundred acres at twenty-five dollars per acre separately, and said he would not sell that without the whole ; that witness refused to give the seven thousand dollars ; that witness then offered to give six thousand dollars for the whole, telling the defendant that if he would take that, they would close the sale ; that the defendant

answered that he would take it, and looking upward as if talking to himself, the defendant added, " that will be putting the eighty acres at twelve dollars and a half per acre."

On cross-examination, the same witness testified that the defendant did not agree to take twenty-five dollars an acre for the two hundred, but repeatedly refused to sell that without the whole ; that the witness bought the whole two hundred and eighty acres in a lump for six thousand dollars ; that the above statement of the defendant, about putting the eighty acres at twelve dollars and a half per acre, was immediately after he said he would take six thousand dollars for the whole, and that this statement had no influence on the above offer of the witness which the defendant accepted ; that the defendant did not offer to sell the eighty acres at twelve and a half dollars per acre ; that when the defendant spoke as above of putting the eighty acres at twelve dollars and a half per acre, the witness did not accept it as a proposition fixing the price of the eighty acres ; that witness offered six thousand dollars, and this was the only offer accepted ; that there was no offer made and accepted between the defendant and the witness, determining the separate purchase price of the eighty acres in suit.

The defendant then introduced as witnesses, *C. W. Bats, Geo. Louden,* and *Philip Caul,* who testified that they lived near to and were well acquainted with east half of the southwest quarter of section eleven, township one north, of range five west of the third principal meridian, containing eighty acres, described in the plaintiff's declaration, and that the same, on the 9th day of February, 1859, was not worth more than one dollar and twenty-five cents per acre, and had not at any time since been worth more than that amount.

The foregoing was all the material evidence introduced in the cause. Whereupon the court gave judgment in favor of the plaintiff for $1,116 damages. Defendant excepted, and appealed.

J. BAKER, for Appellant.

W. H. UNDERWOOD, for Appellee.

CATON, C. J. Here two separate tracts of land, one of eighty acres and the other of two hundred acres, were sold for a gross sum and conveyed by one deed with a covenant of warranty. The title to the eighty acre tract failed, and this action was brought to recover damages for a breach of the covenant of warranty. There is no question, had the title to the whole failed, that the measure of damages would have been the consideration paid and interest. The law is also well settled that where the

title fails to a part of the land sold for a gross sum, with a warranty, the measure of damages for a breach of the covenant is the relative value of the land to which the title has failed, as compared with that to which the title is good, in proportion to the price paid for the whole. Assuming that the proof shows that the two hundred acres were worth five thousand dollars, and the eighty acres were worth one hundred dollars, and the price paid for the whole was six thousand dollars, then there was the sum of nine hundred dollars paid for the whole purchase more than it was worth, and this loss must be apportioned to the two tracts according to their actual values respectively. Thus dividing the nine hundred dollars into fifty-one parts, the tract worth five thousand dollars would bear fifty parts of it, and the tract worth one hundred dollars one part, and by this amount would the actual value of the eighty acre tract be increased for the purpose of ascertaining how much was paid in the purchase for this tract, and by adding to this sum the interest upon it, the amount of the damages for the breach of the covenant would be ascertained. The proof satisfactorily shows that the real value of the eighty acre tract was one hundred dollars, and the defendant in error insists that there is no proof of the actual value of the two hundred acre tract, and that hence the court was to assume that each tract was of equal value per acre. If in fact there was no proof that the two hundred acre tract was worth more than one dollar and twenty-five cents per acre, perhaps the legal presumption would be as stated. While no proof was directly given as to the value of the larger tract, the record does clearly show that it was worth more per acre than the smaller tract, and satisfies us that the cause should be remanded that full proof may be adduced on this point, the importance of which does not seem to have been appreciated on the trial below. The evidence is uncontradicted that during the negotiation for the purchase, the plaintiff below offered five thousand dollars for the larger tract, from which we may reasonably conclude that it was his judgment that the land was worth that sum, and it will hardly do for him now to say that this opinion of his does not tend to show that the land was worth more than one dollar and a quarter per acre.

The court below, in determining the amount of the damages, seems to have estimated the amount of the purchase money for this eighty acre lot at twelve dollars and fifty cents per acre. But to support this there was no sufficient proof. The witness Sublett, who finally made the purchase, as the agent of the plaintiff below, swears, that both tracts were purchased together for one price, and that no separate price for each lot was agreed upon or talked about. That he offered six thousand dollars as

a gross sum for the whole, which offer was accepted by the defendant below. After the bargain was thus struck, the defendant, looking up as if talking to himself remarked "that will be putting the eighty acres at twelve and one-half dollars per acre." There can be no pretense for saying that this remark constituted any part of the negotiation or bargain, and if it was designed that the witness should hear it, it was not made to him, and could have had no influence in the bargain, for that was struck before the remark was made. Even if this remark could afford any evidence that in the opinion of the defendant the land was worth that sum, the evidence is abundant to show that it was not in fact worth more than one dollar and a quarter per acre.

We are satisfied that this cause should be again tried, with a more correct appreciation of the important questions of fact to be elucidated, in order to properly apply the correct principles of law to the rights of the parties.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*