ELIZABETH YAZEL

*v.*

EZEKIEL H. PALMER.

1. MARRIED WOMEN—*separate property.* The consideration paid or agreed to be paid to a married woman for joining with her husband in a conveyance of his land, whereby she releases her homestead right and her right of dower, will constitute her separate property, which she may manage and control in her own right, as any other property not derived from her husband.

2. CONSIDERATION—*release of rights by wife.* When husband and wife unite in a conveyance of their homestead to another, the wife releasing her homestead and dower, and, by the consent of the husband, the grantee gives a bond to the wife to pay her the proceeds of the property, when sold by him, the release of her rights will constitute a sufficient consideration to support the bond, and it will be a valid obligation.

3. HUSBAND AND WIFE—*who may assail contract as fraudulent.* A party who takes a conveyance from a husband and wife of property belonging to the husband, and gives his bond to the wife, obligating himself to pay the proceeds of the property to her when sold, with the assent of the husband, becomes the trustee of the wife, and can not be heard to question the good faith of the transaction as between the husband and wife. None but creditors of the husband can assail the contract as fraudulent.

4. When there are no creditors whose rights may be put in jeopardy, it is competent for a husband to create a separate estate for his wife out of his own property, and no one can impeach the transaction, or inquire into its propriety, unless he was a creditor of the husband at the time.

5. AGENCY—*evidence of.* When a husband receives payments of money on an obligation to his wife, the possession of the obligation is evidence tending to prove he has authority to receive the money for his wife, but is by no means conclusive of that fact.

6. VENDOR AND VENDEE—*failure of title as a defense to payment of price.* The vendor of land is entitled to the payment of the price agreed to be paid, or to have back the property sold and conveyed. The fact that the title to a part of the premises conveyed or sold, has failed, the purchaser still holding possession, is no defense in an action for the purchase money. The purchaser must reconvey it, or offer to do so, before he can resist payment in such a case.

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. Moore & Warner, for the plaintiff in error.

Mr. E. H. Palmer, *pro se.*

Mr. Chief Justice Scott delivered the opinion of the Court:

This action is upon a bond executed by defendant, by which he acknowledged himself held and firmly bound unto plaintiff in the sum of $2000. Underwritten is a condition in which it is recited that John Yazel, and plaintiff, his wife, had conveyed, by deed, to defendant, certain real estate, described, and in consideration thereof defendant agreed, in case he was able to effect a sale of the property, to pay the proceeds to plaintiff, save a reasonable fee for his services and expenses. Evidence introduced shows defendant afterwards sold the property for $1700, all of which was paid to him by the purchaser. On the back of the bond are credits for sums of money, amounting in the aggregate to near $1000, as having been paid to John Yazel, since deceased, who was the husband of plaintiff. The residue of the money for which the property was sold is still in the hands of defendant.

The fee of the property conveyed to defendant had been in the husband of plaintiff, in his lifetime. It was, however, their homestead, upon which they resided at the time of the conveyance. Of course she had, in addition to her homestead right under the statute, an inchoate dower interest, liable to become consummate on the death of her husband.

One important inquiry is, whether the payments made to John Yazel, in his lifetime, and credited upon the bond, were rightfully made to him. It stands admitted defendant had no express authority from plaintiff to make any payments whatever to her husband. There is no evidence of an express agency. The position is assumed the fee of the lots was in the husband, and although the obligation was specifically made payable to plaintiff, the indebtedness secured, nevertheless, belonged to the husband, and all payments to him were rightfully made.

Evidence was introduced to show the fee of the property described in the obligation was in the husband, but it also ap-

pears from the proof taken, it was the homestead of plaintiff, and that she was unwilling to release her homestead and dower in the premises, unless the purchase money was secured to her with which to secure another homestead. These, to her, were valuable rights, secured to her by positive law, of which she could not be deprived by any act of her husband, nor in any manner to which she did not yield her voluntary consent. Under the Married Woman's Act of 1861, by joining with her husband she could release those rights, and the consideration paid her, if any was exacted, would constitute her separate property, which she could manage and conduct in her own right, as any other property not derived from her husband. On the making of the deed she surrendered possession of the property which had been her homestead, releasing at the same time her dower in the premises; and this, it would seem, was a sufficient consideration for defendant's obligation. She could not be compelled to relinquish those rights which the law secured to her, and having done so, there is no reason why she can not recover the consideration for which she was induced to part with her interest in the property, whatever it was. It was a contract with the husband to secure plaintiff a homestead for the one abandoned, and having been entered into in good faith, it is valid as between the parties. *Sweeney* v. *Damron*, 47 Ill. 450.

It does not lie in the mouth of defendant to say the contract was not in good faith. The money in his hands is not his, it is trust funds, and as between the husband and wife, under the contract, it belongs to plaintiff, and defendant has obligated himself in the most solemn manner to pay it to her. Whether the transaction could be assailed as fraudulent and void as to the creditors of John Yazel, is a question that does not arise in this case. No creditors are complaining they have been injured by it.

In all the cases cited, where the agreements between the husband and wife have been declared invalid, they have been contested by existing creditors of the husband. Where there are no creditors whose rights may be put in jeopardy, it is ap-

prehended the law is well settled, it is competent for the husband to create a separate estate for his wife out of his own property. No one can impeach the transaction or inquire into its propriety, unless he was a creditor at the time. *Moritz* v. *Hoffman*, 35 Ill. 553; *Bridgford* v. *Riddell*, 55 Ill. 261.

Certainly defendant stands in no position to call in question the arrangement between plaintiff and her late husband. Whether it is valid or invalid is a question about which he need not concern himself. His obligation is to pay the money that should come to his hands from the sale of the property to plaintiff. Her husband consented to the contract in consideration she would release her homestead and dower in the premises, and it was not in his power to retract. So far as he was concerned the agreement was executed, and under the decisions of this court it is valid. *Sweeney* v. *Damron, supra.*

As we have seen, it is conceded defendant had no express authority to make payments to her husband on account of his obligation to her; and, hence, all payments to him were wrongful, unless made under circumstances where it could be inferred he was acting as her agent. The fact, John Yazel had the obligation in his possession when defendant made payments to him on it, is evidence tending to prove he had authority to receive the money for plaintiff, but it is by no means conclusive. He may have obtained possession of the bond surreptitiously, and, hence, with no warrant to receive payments for her. But the burden of proving that fact rests upon the party alleging it. Whether the husband was the agent of plaintiff to receive payments from defendant on the bond to her, is a question of fact to be found as any other fact in the case, and whether the testimony offered is sufficient to establish the fact of agency, is a question about which we will express no opinion at this time.

But in any view of the case, the present judgment must be reversed. Undoubtedly the court, before whom the cause was tried without the intervention of a jury, permitted defendant to retain the residue of the money conceded to be in his hands, on account of the failure of the title to a portion of the pro-

perty. This was erroneous, for two reasons: first, this record contains no evidence as to the value of that portion of the property to which it is alleged the title has failed, whether it is equal or greater than the sum of money in defendant's hands; and, second, defendant's grantee still retains whatever interest in the property defendant obtained from plaintiff and her husband. He can not withhold the purchase money and still retain plaintiff's title, whatever it was, which he obtained by the conveyance. Before he can recoup the value of the land to which he says the title has failed, he must cause his grantee to reconvey it, or offer to do so, back to plaintiff. No defense can be interposed until the parties have been placed *in statu quo* by a reconveyance, or an offer to reconvey to plaintiff whatever title defendant received from plaintiff, no matter what its value may be. The vendor, on the plainest principles of justice, is always entitled to have the consideration agreed to be paid, or to have back the property sold.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*