## ELIZABETH YAZEL

### v.

### EZEKIEL H. PALMER.

88 597
152 389
88 597
58a 504

1. MEASURE OF DAMAGES—*failure of trustee to pay over proceeds of sale of trust property.* Where a husband and wife conveyed certain lots to a trustee to be sold by him, and the proceeds of the sale, less a reasonable fee for his trouble and expenses, to be paid to the wife, and he sold the same, and conveyed by warranty deed, the title to part of which failed, by reason of a prior lien by judgment against the husband, and the trustee, to make his covenants good, bought the title acquired under the judgment for his grantee, it was *held*, in a suit by the wife against the trustee to recover the proceeds of the sale, that he was not entitled to the amount paid by him to make good his covenants of warranty, but that the plaintiff should be allowed to recover only what the

property brought, less the relative value of that part to which the title failed as compared to that to which the title was good, in proportion to the price paid the defendant for the whole, and that the time when this relative value should be ascertained was not the time the defendant bought the adverse title, but the time when he sold the property.

2. AGENT—*his power to bind his principal by warranty, etc.* Where land is conveyed by a husband and wife, without covenants of warranty, to an agent, to be by him sold for the benefit of the wife, the agent, on a sale, has no power to make covenants binding on her, much less to engage in litigation or buy in outstanding titles or extinguish liens, without her request, and charge her with the price paid, to make his covenants good, and money thus expended is the result of his own volition, and he must bear the loss.

3. But where the title to lots in the husband, at the time of the conveyance to the agent, and of the giving of a bond by the agent to pay over the proceeds of the same, when sold, to the wife, is impaired by the lien of a judgment against the husband, under which a part of the lots are sold after a sale by the agent with covenants of warranty, it was *held*, in a suit by the wife against the agent for the price received by him, under his warranty deed, that she should bear the loss to the extent the value of the husband's title was impaired, or, what is equivalent thereto, the extent the proceeds derived from its sale were diminished by the subsequent enforcement of the lien against the property, as the husband could not invest her with an interest in the property paramount to such lien, and to the extent it affected the property she could make no claim for its value.

4. PRACTICE IN SUPREME COURT—*filing corrected abstract.* Where the appellant's abstract fails to present the evidence satisfactorily, it is the privilege and duty of the appellee to file a corrected one showing what is omitted or not fully stated.

APPEAL from the Circuit Court of De Witt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs MOORE & WARNER, for the appellant.

Mr. EZEKIEL H. PALMER, *pro se.*

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The present case was before us at the January term, 1876, and is reported as *Yazel* v. *Palmer,* 81 Ill. 82, to which we refer for a full statement of the case.

The bond upon which suit is brought is subject to this con-

dition: " Whereas John Yazel, and Elizabeth, his wife, have this day deeded to E. H. Palmer lots 3, 4, 5, 6, 7 and 8, in block 2, of Yazel's addition to Clinton: Now, if said Palmer effects a sale of said premises within a reasonable time, then said Palmer is to pay to said Mrs. Elizabeth Yazel the proceeds of said sale, save a reasonable fee for his trouble and expenses; then this obligation to be void,—otherwise, then this bond to be in full force and virtue."

Evidence was given on behalf of Palmer, tending to show that when he sold the property, he conveyed it by deeds with covenants of warranty; that, subsequently, judgment liens against Yazel, pending at the date of the conveyance to him, were enforced by sale of a portion of the property, and title perfected thereto, and that he, to make good his covenants, bought this title and had it conveyed to his vendee, in doing which he was compelled to and did expend $562. The evidence shows that this sum did not exceed the value of the property, at the time the payment was made; but Palmer entirely fails to prove either that he made covenants in respect of the title, binding himself personally, at the request of Mrs. Yazel, or that he bought in the title that had failed, at her request. In both respects, his acts appear to have been purely voluntary. In the judgment below he is allowed credit for the payment thus made.

The most favorable view, for Palmer, that we can take of the case, as respects this item, is that Mrs. Yazel should be allowed to recover only what the property brought, less the relative value of the property to which the title has failed, as compared with that to which the title is good, in proportion to the price paid Palmer for the whole. Had she made covenants of title herself, and her grantee brought an action thereon, this must have been the limit of his recovery, (*Major v. Dunnavant*, 25 Ill. 262,) and no reason is perceived why a different measure should be applied against her here. Palmer was a mere trustee with power of sale, and nothing more. He was not authorized to make covenants binding Mrs. Yazel,

much less to engage in litigation or buy in outstanding titles or extinguish liens, under the assumption that she would be benefited thereby, and money thus expended was the result of his own volition, and he, and not she, should, therefore, bear its loss. It is, however, not just that Mrs. Yazel should receive the proceeds of a sale of a title other and different than that her husband had when the bond was executed, and, to the extent the value of her husband's title was impaired, or, what is equivalent thereto, the proceeds derived from its sale were diminished by the subsequent enforcement of outstanding liens against the property, she should bear the loss. Her husband could not invest her with an interest in the property paramount to those liens, and to the extent they affected the property she could make no claim for its value. We have discovered no evidence showing how much was the value of the property sold to satisfy the liens, as compared with that to which the title is good, in proportion to the price paid Palmer for the whole. In the sale by Palmer, the property may have been sold at a greater or less figure than its actual value, and there may have been a material change in the value of all the property between the time of his sale and the subsequent purchase by him of the title which failed; so, likewise, we can not know that the valuation of that property by itself would bear the *pro rata* value it did when treated as a part of an entire property.

We deem it unnecessary to notice other points discussed in the briefs before us. The main question not noticed is, whether payments made by Palmer to the husband of appellant are good, as against her. We have discovered no error of law in the ruling in this respect, and we deem it unadvisable to prejudice another hearing by a discussion of the evidence bearing on the point.

Because the ruling below, as to the measure of damages, was not in conformity with what we have here said, the judgment is reversed and the cause remanded.

*Judgment reversed.*

Subsequently, upon petition for a rehearing, the following additional opinion was filed:

Per CURIAM: A petition for rehearing has been presented in this cause, based on the ground that the record does furnish evidence to sustain the rule of damage which we have indicated in the opinion filed should have been applied. This evidence, it is conceded, is not set out in the abstracts filed, nor in the printed argument filed by appellee; but appellee claims, as a sufficient excuse for this omission, that the point upon which the case is reversed was not made in appellant's original argument. This is a misapprehension. Objection was taken by appellant to the instructions which we hold objectionable, and to the sufficiency of the evidence to sustain the several propositions essential to the maintaining of the judgment. That the precise language of the opinion, or, indeed, form of argument therein adopted, does not appear in appellant's argument, is unimportant. It is sufficient that, in the opinion of the court, the objection of appellant fairly presented the questions decided.

If the abstracts did not present the evidence satisfactorily, it was appellee's privilege and duty to file a corrected abstract.

But waiving all question on the evidence, the instructions objected to by appellant did not present the law as we have held in the opinion filed it should have been given to the jury. The time when appellee was compelled to refund money to the purchaser to make good his covenants, is not the time with reference to which the relative value of the property should be ascertained, but the time when appellee sold the property.

We see no cause to grant a rehearing, and it will be denied.

*Rehearing denied.*