# CASES DETERMINED

AT THE

## *January Term, 1883.*

---

### BARTELT VS. BRAUNSDORF.

*January 11 — January 30, 1883.*

PLEADING. *(1) Demurrer or motion to make definite?*
DEED: COVENANT: DAMAGES. *(2) Evidence of consideration. (3) Damages for partial breach of covenant of seizin. (4) Defendant, though not answering, may give evidence as to damages.*

1. In an action for a breach of the covenant of seizin in a conveyance of land an allegation that such conveyance was for a valuable consideration, but not stating the amount thereof, if defective, is so because indefinite, and the remedy is by motion to make more definite and certain, and not by objection to evidence thereunder.
2. In such action the deed, containing an acknowledgment of the receipt by the grantor of a certain sum as the consideration, is *prima facie* evidence of such consideration.
3. Whether, where there has been a breach of the covenant of seizin as to a part only of the land conveyed, the plaintiff can, without showing the relative value of the parts, recover more than nominal damages, is not determined.
4. Where, upon failure of the defendant to answer in an action for the breach of a covenant of seizin, an assessment of damages is necessary, the defendant has a right to appear at such assessment and to offer evidence pertinent to the question of damages or in mitigation thereof.

APPEAL from the Circuit Court for *Sheboygan* County. The case is sufficiently stated in the opinion. The circuit court directed the jury to assess the plaintiff's damages at

$700, and from a judgment accordingly in favor of the plaintiff, the defendant appealed.

*Geo. W. Foster*, for the appellant.

For the respondent the cause was submitted on the brief of *B. Williams.*

ORTON, J.  The complaint charges a breach of the covenant of seizin in a deed conveying ninety-five acres of land for a valuable consideration, by reason of the defendant, the grantor, not having title to thirty-five acres of said land when the deed was given.  There was no answer, and the defendant appeared and was present at the assessment of the damages by a jury, and rightfully, so far as appears from the record in this court.  The defendant objected to any evidence on the ground that the complaint did not state a cause of action, and the particular defect seems to have been pointed out that it did not aver the consideration paid.  The complaint did state that there was a valuable consideration, and this was sufficient for the recovery of at least nominal damages, and that is sufficient to answer this objection.  The plaintiff then offered the deed in evidence, which contained an acknowledgment of the receipt by the grantor of $1,900 as the consideration.  The defendant objected to this evidence on the ground that the complaint was good only for nominal damages, and this objection was also overruled.

The defect of the complaint in this respect, if any, was its indefiniteness as to the amount of the consideration paid, and this could be reached only by motion to make it more definite and certain in this respect.  The deed was at least *prima facie* evidence of the consideration, and it was for this purpose properly received.  Thereupon, the plaintiff submitted the question of damages without further proof, upon the mere presumption that the thirty-five acres were of the same value as that of the sixty acres, and that, therefore, the damages were as thirty-five to sixty of the $1,900.

Bartelt vs. Braunsdorf.

It is very doubtful whether any such presumption is raised by the deed alone, and whether the plaintiff, on such evidence alone, was entitled to recover anything more than nominal damages. It is certainly a very violent presumption that two tracts of land are of equal value without any other proof than the number of acres of each tract. But we do not decide that on this evidence alone the plaintiff was not entitled to the assessment made by the jury, as it is doubtful whether this question is properly before us on the record. After the plaintiff had thus submitted the matter to the jury, the defendant " offered to introduce evidence to show, in mitigation of damages, that the thirty-five acres mentioned in the complaint, and for failure of title to which this action was brought, is not of average value with the rest of the land." " The plaintiff objected to the introduction of any evidence by the defendant on the ground that he had not answered," and the court sustained the objection. This, we think, was clearly error.

In *Messer v. Oestreich*, 52 Wis., 684, the rule of damages in such a case is laid down as follows: " When the title fails to only part of the land conveyed, the grantee may recover, in an action on the covenants of seizin and right to convey, such a fractional part of the whole consideration paid as the value at the time of the purchase of the piece to which the title fails, bears to the whole purchase price." The defendant invoked this rule and offered proof of such proportionate value in mitigation of the damages so arbitrarily implied and presumed from the deed.

An answer in such a case certainly would not and should not put in issue the damages. *Drake v. Cockroft*, 1 Abb. Pr., 203; *Thompson v. Lumley*, 7 Daly, 74; *Jenkins v. Steanka*, 19 Wis., 126. The damages must be proved, when no answer is put in, to entitle the plaintiff to recover them. This was always the rule under the former system of pleading, and the code has not changed it. If the defendant has

the right to appear at the assessment of damages and cross-examine the witnesses of the plaintiff, as is conceded, then no good reason is apparent why he may not offer proof of the damages.   In this case no witnesses were sworn, and all of the evidence consisted of the deed, and of course no cross examination could be had.   We think the statute clearly contemplates that when proof of damages is necessary, the whole question is open for trial, and the defendant has not lost his right, by failure to answer the issuable facts of the complaint, to have his day in court as to the damages. " The court may take the account *or hear proof*," is the language of subd. 2 of sec. 2891, R. S.   " From his [plaintiff's] examination under oath *or other proof*," of subd. 1, of the same section.   "Take any account *or hear proof*," of sec. 2893, R. S.   " To hear proof," is not limited, and it would be but a partial hearing of proof to only hear that offered by the plaintiff.

We think such a construction of the statute would not be strained, or any rule of practice unreasonably extended, by holding that, in all cases where the defendant has made default by not answering and yet has the right to appear and participate at all in the assessment of the damages, he has the right to offer proof pertinent to the question, or, as in actions of tort, in mitigation of the damages, for in any case the principle is the same.   The learned counsel of the respondent admits in his brief that such is the proper practice in actions of tort, on default, and cites 3 Wait's Pr., 662; 14 How. Pr., 150; and 10 Wend., 379, in support of it.   This would seem to be an admission of the rule generally, for the reason of it is as applicable to one class of cases as another, and especially in a case like this, where the damages are indefinite and must be ascertained by proof.   We need only to refer to the authorities cited by the learned counsel of the appellant in further support of the rule.   *Saltus v. Rip*, 2 Abb. Pr., 382; *Gilbert v. Rounds*, 14 How. Pr., 46–51;

3 Wait's Pr., 662; Moak's Van Santv. Pl., 586; 1 Estee's Pl. & Pr., 169, 183, 192; 2 id., 317.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a reassessment of damages according to law.