# EDWARD C. CLAY
## v.
## CORDELIA M. CLAY.

*Husband and Wife—Contract—Consideration—Dower—Agency—Damages.*

In an action brought by a wife, while living separate and apart from her husband, to recover from his agent in the sale of certain lands, one-third the net proceeds thereof, it is *held:* That the evidence supports the finding for the plaintiff; that the release of her inchoate right of dower was a sufficient consideration to support the defendant's promise to pay the amount claimed; and that said promise was not within the scope of the agency but created a personal liability on the part of the defendant.

[Opinion filed May 27, 1887.]

APPEAL from the County Court of La Salle County; the Hon. HIRAM T. GILBERT, Judge, presiding.

Mr. H. N. RYON, for appellant.

Messrs. O. CHUBBUCK and JOEL T. BUCKLEY, for appellee.

BAKER, P. J. Cordelia M. Clay sued Edward C. Clay in the County Court of LaSalle County, and upon a trial before the court without a jury recovered a judgment against him for $461.30 and costs.

Cordelia M. is the wife of Levi Clay, and the husband and wife have lived separate and apart since 1883. The husband was the owner of a tract of land in Iowa, and in May and June 1884, his nephew, Edward C. Clay, appellant, was his agent for its sale and found a purchaser. Appellee objected to signing the deed and relinquishing her right of dower unless she received one-third of the net proceeds of the land. Thereupon appellant, to whom the purchase money was to be paid,

agreed that if she would join in the deed and waive dower he would give her one-third part of the proceeds left after the payment of a mortgage incumbrance and the expenses of sale The trial court found that the contract was as is thus stated and that finding is supported by the overwhelming weight of the testimony. The evidence of appellee in regard to the terms of the agreement is plain, direct and positive; and she is corroborated by the testimony of Mrs. Lizzie Flood, by the postal card and letter written by appellant, by the surrounding circumstances of the case, and even by many of the statements of appellant himself made upon the witness stand. The price of the land was collected by appellant, and after the payment of expenses and the incumbrance, the residue was paid over to Levi Clay, the husband.

There is no just pretense for saying that the promise made by appellant was made by him as the agent of Levi Clay, and therefore bound the latter, as principal, but imposed no personal liability upon appellant. The promise made was not within the scope of the agency to sell the land and collect the purchase money; and the evidence plainly indicates that it was the understanding of both of the parties to the contract, at the time it was made, that the promise of appellant was a personal promise.

Appellee had in the land an inchoate dower right that might become consummate on the death of her husband, and this right was secured to her by law, and she could not be compelled to relinquish it, and the release of this right was a sufficient consideration to support the promise of appellant. Yazel v. Palmer, 81 Ill. 82. Appellant got all the consideration that he voluntarily bargained for, and by so doing deprived appellee of a valuable right, and he will not be permitted to complain that he has received no consideration.

The damages were not excessive; the contract was specific that the amount to be paid was one-third of the price received for the land after deducting expenses and the mortgage debt; and the computation of the damages under the agreement made, does not depend upon the present value of the dower right of appellee as calculated upon the basis of the tables of mortality.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*