L. E. GRUVER, ADMINISTRATOR, APPELLEE, v. JAMES H. WALKUP, IMPLEADED WITH JOHN F. CARLSON, APPELLANT.

FILED JUNE 23, 1898. No. 8116.

1. **Mortgage Foreclosure:** ACTION BY ADMINISTRATOR. An administrator may maintain an action to foreclose a real estate mortgage executed to secure the payment of purchase-money notes, one of which was made to his intestate, a married woman, as an inducement for releasing her dower and homestead rights in the mortgaged premises.

2. ——: ——: NOTE. And the fact that the note made to the intestate was, by her direction, delivered to her husband and never came into her personal possession, is no impediment to the maintenance of such action.

3. **Mortgage:** CONSIDERATION: DOWER AND HOMESTEAD RIGHTS. The relinquishment by a married woman of dower and homestead

rights in her husband's land is a sufficient consideration for the execution to her of a note and mortgage representing a portion of the price for which such land was sold.

APPEAL from the district court of Saunders county. Heard below before HOLMES, J. *Affirmed.*

*C. Hollenbeck,* for appellant.

*L. E. Gruver, contra.*

SULLIVAN, J.

John F. Carlson and Mary E. D. Carlson were married in the year 1889 and from that time until March 15, 1893, lived together on a quarter section of land owned by the former and situated in Saunders county, in this state. At the date last named the land was sold to James H. Walkup, subject to incumbrances for the sum of $3,300. Of this the sum of $300 was paid in cash. The balance of the purchase price was represented by four promissory notes secured by a mortgage on the premises. One of these notes, being for the sum of $1,000, was made payable to Mrs. Carlson. Both Carlsons were named as mortgagees in the mortgage. All the notes were delivered to Mr. Carlson, who retained possession of them until the trial of this cause in the district court. In May, 1893, Mrs. Carlson died intestate and the appellee L. E. Gruver was shortly afterwards appointed administrator of her estate. Claiming the $1,000 note as part of the assets of the estate of Mrs. Carlson, the administrator commenced this action in the district court of Saunders county to foreclose said mortgage and made John F. Carlson a party defendant. Carlson filed an answer asserting title to the note and denying that Mrs. Carlson ever had any interest or ownership therein. From a judgment in favor of the administrator Carlson appeals. There is scarcely any dispute about the facts. The account of the transaction given by Carlson is as follows: "Well, we had a talk over it, me and my wife, to sell that place where we lived, and buy a place somewhere else

better. She did not like to live there, and we was talking it over, that I should sell my farm and buy some place else. So she wanted one note in her name,—to secure that I should buy a place to suit her,—and the note was made out to her and for her, and it was understood I should use the same money to buy another place, and I got the note and put it in the bank and I had it in my possession all since. She never asked me for the note any more. She took sick a couple of months after. She never asked me for the note." The witness further said, when questioned in regard to the delivery of the notes: "I don't remember. There was no talk about it that I know of, that I should receive the notes." Mr. Seeley, who pre-. pared the papers, said that Mrs. Carlson instructed him to turn all the papers over to her husband. It further appears that Carlson applied to the county court of Saunders county to be appointed administrator of Mrs. Carlson's estate, so that he might in that capacity collect the note in question; and that when presenting his application he stated to the county judge "that the land was his and the money his, but she [Mrs. Carlson] refused to sign the deed, and he made the note to her."

Appellant contends that Mrs. Carlson gave no consideration for the note and that it was never delivered to her. But it seems to us the evidence upon both these points is quite sufficient to sustain the decree. Mrs. Carlson had an inchoate right of dower and a homestead interest in the premises, of which she could not be divested without her consent. These rights were valuable, and her relinquishment of them by joining with her husband in the conveyance to Walkup was, certainly, an ample consideration for the execution to her of the $1,000 note. The authorities so hold and there is no discord among them on the question. (*Yazel v. Palmer*, 81 Ill. 82; *Sykes v. Chadwick*, 85 U. S. 141; *Citizens Bank v. Bolen*, 121 Ind. 301.)

Mrs. Carlson's motive for demanding the note and the use to which she intended to apply it are not material to

the questions under consideration. If it was made to her as an inducement to the execution of the deed, it became her property, whatever her motive and intention may have been.

The note was made payable to her by an express agreement of all the parties to the transaction. It was executed in her presence and was for a time apparently subject to her manual control. It passed into the custody of her husband with her consent and by her authority. He did not receive it for himself, but for her and as her agent; and it seems he asserts title to it now, not as a contract executed to him in his wife's name, but because he furnished the consideration for which it was given. This claim is not supported by the record, and if it were, it would not establish his title to the note. Walkup did not promise to pay this note to Carlson, and Carlson could not enfore it against him without showing a title derived from the payee. The judgment of the district court is clearly right and is

AFFIRMED.