NORTHCUTT et ux. v. HUME et al.
(No. 716.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 30, 1915. Rehearing Denied March 27, 1915.)

1. COVENANTS ☞130—DAMAGES FOR BREACH —PARTIAL FAILURE OF TITLE.

A purchaser of land, title to a part of which fails, is entitled to recover damages bearing the same proportion to the whole purchase money as the value of the part to which the title fails bears to the whole premises, estimated at the price paid.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 245–253, 255–257; Dec. Dig. ☞130.]

2. COVENANTS ☞122—ACTIONS FOR BREACH— SUFFICIENCY OF EVIDENCE.

In an action for damages from the failure of title to a part of one of two tracts of land conveyed to plaintiff with a warranty of title, where, though the number of acres the title to which failed was shown, it appeared that the sale was not by the acre, but that the two tracts, aggregating 320 acres, were sold for the gross sum of $8,000, and plaintiff did not show the value of the land lost or of the rest of the land, or that it was of uniform value, he could not recover substantial damages.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 224; Dec. Dig. ☞122.]

3. APPEAL AND ERROR ☞1171 — REVERSAL — NOMINAL DAMAGES.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1327, providing, relative to counterclaims, that if defendant shall establish a demand against plaintiff exceeding that established against him by plaintiff, the court shall render judgment for defendant for such excess, and article 1328, providing that when a counterclaim is pleaded the party in whose favor final judgment is rendered shall recover his costs, unless the counterclaim was acquired after the commencement of the suit, in an action by a purchaser of land, title to a part of which failed, against the vendor and the holder of notes secured by a deed of trust on the land to restrain a sale under the deed of trust and to recover on the warranty of title, in which the holder of the deed of trust set up his demand on the notes and it was agreed in open court that whatever judgment might be rendered in favor of plaintiff

against the vendor might be credited on the notes and judgment for the balance due rendered in favor of the holder of the notes, a judgment against plaintiff would not be reversed because of the error in denying a recovery of nominal damages, as against the holder of the deed of trust, since a recovery of nominal damages would not have entitled plaintiff to the costs as against such holder.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4546–4554; Dec. Dig. <b>⊙═</b> 1171.]

4. APPEAL AND ERROR <b>⊙═</b>1173 — REVERSAL — NOMINAL DAMAGES.

The judgment would not be reversed as against the vendor, as the holder of the deed of trust would have no right to join him in defending the case, and to reverse the case as to the vendor and the purchaser with the holder of the deed of trust eliminated would not be fair to such holder, and would require the elimination of the agreement to credit any recovery on the secured notes.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572, 4656; Dec. Dig. <b>⊙═</b>1173.]

Appeal from District Court, Potter County; Jas. N. Browning, Judge.

Action by Z. T. Northcutt and wife against H. E. Hume and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Y. W. Holmes, of Plainview, and Synnott & Underwood, of Amarillo, for appellants. John W. Veale and W. A. Davidson, both of Amarillo, for appellees.

HENDRICKS, J. In July, 1912, the appellant Northcutt, traded a half section of improved land near Wildorado, in Oldham county, Tex., and also some cattle and hogs to the appellee Hume, for two different tracts of land in Hale county, Tex., one of which was known as the Stringfellow preemption survey and the other designated in this record as the tract "near Hale Center." Hume deeded both tracts, of 160 acres each, in the same instrument to the said Northcutt, for the recited consideration of the aggregate sum of $8,000, said deed containing a clause of general warranty. As part of the consideration of the exchange of this land, Hume assumed $4,500 upon the Northcutt land, and also loaned Northcutt the sum of $2,600, which was used by the latter in paying off certain indebtedness, including a mortgage upon the cattle. As a part of the same trade, Northcutt executed two deeds of trust to J. S. Stringfellow, as trustee, in favor of Hume, one upon the Stringfellow pre-emption survey, to secure a promissory note for $1,000, and the other deed of trust upon the tract near Hale Center, for the purpose of securing a note for $1,600. Appellant says:

"The record fairly supports the statement that the property of each was in full payment of the property of the other in this exchange, and that the notes given were to secure Hume in the repayment to Hume of money actually advanced by him to pay Northcutt's indebtedness above referred to."

The notes were transferred to the Canadian Oil & Gas Company, by the appellee Hume, and the latter was proceeding to advertise for the purpose of effectuating a sale of the Stringfellow pre-emption survey, for the purpose of realizing on the $1,000 note, and this suit was brought by Northcutt and wife against said Canadian Oil & Gas Company by injunction to restrain said sale, joining H. E. Hume as a party defendant, alleging a failure of title to 89.2 acres of the Stringfellow pre-emption survey, declaring upon a general warranty and praying judgment against defendant Hume for the sum of $2,230, alleged to be the purchase price of the tract of land to which the title had failed. Upon close of the case, the district judge peremptorily instructed the jury against the appellant, which action is vigorously assailed in this court as error.

The deeds are not in the record, but we infer that the one upon which the action is based, was a conveyance from Hume to Northcutt of the two tracts of land for the recited consideration in gross of the sum of $8,000.

Appellant pleads that the two notes of $1,000 and $1,600, respectively, were a balance of a consideration for the purchase price of the land, which, in accordance with the statement quoted from his brief, is a mistaken allegation. We also infer from the record that these two notes, secured by a lien upon the respective tracts of land embraced in the deed from Hume, represented a loan, and were not a part of the purchase money. Appellant's petition also contains the following allegation:

"That the price [paid] therefor by plaintiffs and agreed to be paid to the defendant Hume was $25 per acre, or a total of $2,230. [Meaning the price paid for the land to which the title failed.] That by reason of the premises the defendant Hume is thus indebted to plaintiffs for and on account of said breach of warranty in the sum of $2,230, * * * and that is the measure of plaintiffs' damage for and on account of said breach, and all that plaintiffs can recover therefor, no matter how much more they may lose by and on account therefor."

There is no allegation of the value of any of the land embraced in Hume's deed to Northcutt; there is also a lack of averment that the land is of uniform character or of average valuation, and the record is devoid of any suggestion of the value of said land, or any part of same, unless the description of the tract to which the title is good, "near Hale Center," would afford a surmise or suggestion that it is not of the same value as the Stringfellow pre-emption tract on account of being "near Hale Center"; the latter as to quality or character not being described in any manner.

[1, 2] In the case of Hynes v. Packard, 45 S. W. 562, 92 Tex. 44, Justice Brown said:

"If the title had failed to all the land conveyed by Hynes to Packard, the measure of damages would be the purchase money, with interest, from the date of payment. The failure, however,

being partial, and of a definite part of two of the many surveys that were conveyed, the rule by which to ascertain the grantor's liability under the warranty is * * * stated thus: 'The damages will bear the same proportion to the whole purchase money as the value of the part to which the title fails bears to the whole premises estimated at the prices paid.'"

This rule as to the measure of damages, enunciated by the Supreme Court, where there has been a partial failure of title, is practically universal. Appellant introduced proof of the value of the 320 acres conveyed to Hume and of the hogs and cattle transferred as additional consideration to the land for the two tracts received by him in exchange, however, as stated, without the introduction of any testimony as to the value of any of the land embraced in the Hume deed to him, nor of any testimony as to uniformity of condition or quality of said land. Northcutt says:

"Plaintiffs having proved that the defendant Hume's warranty to part of the land conveyed had failed, and having adduced evidence upon which the jury could have found the price per acre paid by plaintiff to the defendant Hume for such land, the court should have submitted said cause to the jury. * * *"

Appellant's trouble is, upon a thorough consideration of his argument, even assuming that there is a recited consideration in the deed, which would bind the appellee at an agreed price, this is a sale of a tract (or two tracts) of land for a gross sum. We do not think the assumption, logically speaking, is justified, because a man pays $8,000 for 320 acres of land, that he is paying or has paid $25 per acre for said land. It may be true, mathematically speaking, that the average price per acre is $25, but in a case of this character, the whole amount is conveyed as one tract and for the consideration of one sum of money. Of course where the whole land is lost, you conclusively presume the value of the whole is the estimated value; but in case of a conveyance of a whole tract for an estimated sum in gross for the whole, when you sue for loss of a part, the value of that partial deficiency is the true criterion, measured in accordance with the rule announced in Hynes v. Packard, supra, and practically all other courts.

"The rule, as established in most of the states of this Republic, and, in fact, of most civilized countries, is that the measure of damages for a breach of such a covenant is what the party actually lost by such breach; and if the title has wholly failed, then the whole of the purchase price, with interest, is the measure of damages, and if the title has partially failed, *and the consideration was paid as a whole*, then the measure of damages is the proportion in value that the land to which the title failed bore to the whole land; *or if the consideration was severable as to the various tracts*, and the title failed as to one of these tracts, then the measure of damages was the price paid for the particular tract, with interest. 8 Am. & Eng. Ency. of Law (2d Ed.) 183, 184; King v. Ginson's Adm'x, 32 Ill. 348, 83 Am. Dec. 269; Weber v. Anderson, 73 Ill. 439; Frazer v. Peoria County, 74 Ill. 282; Tone v. Wilson, 81 Ill. 529. The authorities usually agree, and in this state (Illinois) the rule is established, that in estimating the extent of the damages, where there is a partial failure, the value of the property at the time of the conveyance shall form the basis." Lloyd v. Sandusky, 203 Ill. 621, 68 N. E. 157.

Also see White v. Street, 67 Tex. 177, 2 S. W. 529.

The consideration in the instant case is not severable until the proof severs it—the contract has not severed the consideration.

The Supreme Court of Ohio, in the case of Conklin v. Hancock, 67 Ohio St. 463, 66 N. E. 520, after announcing the law, in consonance with known principles, exhibits a severable case, saying:

"When the contract of sale * * * is read in connection with the deed, we ascertain beyond cavil that the vendor conveyed 266 acres of land * * * for the price of $500 for each and every acre without exception, aggregating the gross amount of $133,000 as expressed in the deed. Therefore the consideration which was actually paid for the 3.24 acres deficient is conclusively shown to be $1,620, for which * * * the plaintiff was entitled to judgment."

The Court of Civil Appeals of the Third District reversed the judgment of the trial court in the cause of White v. Holley, 3 Tex. Civ. App. 591, 24 S. W. 833, solely upon the ground of a lack of proof where there was a partial loss of the land, saying:

"But because the conflict is only a partial conflict, and because we are not informed as to whether the part not in conflict is worthless or not, we conclude that the judgment of the lower court should be reversed, and remanded."

The Supreme Court of Iowa said, in the case of Mischke v. Baughn, 52 Iowa, 530, 3 N. W. 545:

"Appellee insists, however, that the burden is upon the defendant to establish the relative value of the part of the lot conveyed to plaintiff, and that, as no such proof was introduced, the court properly charged the defendant with the consideration received for the entire lot. This position is not correct. The plaintiff asks relief, and the burden of proof is upon him to establish * * * the facts showing that he is entitled to relief, and to what extent."

While the judgment of the trial court in that cause was evidently erroneous on account of being excessive, the opinion, however, of the court was more far reaching, in enunciating the burden of proof.

The Supreme Court of Wisconsin said:

"The deed was at least prima facie evidence of the consideration, and it was for this purpose properly received. Thereupon, the plaintiff submitted the question of damages without further proof, upon the mere presumption that the 35 acres were of the same value as that of the 60 acres, and that therefore the damages were as $35 to $60 of the $1,900. It is very doubtful whether any such presumption is raised by the deed alone, and whether the plaintiff, on such evidence alone, was entitled to recover anything more than nominal damages. It is certainly a very violent presumption that two tracts of land are of equal value without any other proof than the number of acres of each tract." Bartlett v. Braunsdorf, 57 Wis. 1, 14 N. W. 869.

The language there is only persuasive, as the point was not distinctly decided.

The case of Griffin v. Reynolds, 17 How. 610, 15 L. Ed. 230, decided by the Supreme Court of the United States, discloses this condition:

"The court was requested by the plaintiffs" in error " 'to instruct the jury that this is an action for damages, and that the plaintiff can only recover the value of the part lost, if a part only was lost, at the time of the eviction, in proportion to the amount * * * paid,' which charge was refused; and the jury was instructed that if the plaintiff had not lost all the land conveyed to him by the defendant, then the jury might allow him the average value of the part lost, in proportion to the price paid for the whole."

The Supreme Court further said, in commenting upon this latter charge:

"The measure of damages is the loss actually sustained by the eviction from the land for which the title has failed, and that damage would not usually be ascertained by taking the average value, though the recovery could not exceed the consideration paid, interest and expenses of suit."

We assume that in that case there was no testimony of the value of the land lost; otherwise the charge requested by the plaintiff in error in consonance with the known law on that subject, would have been given if the proof had been made; and not the charge of an average value of the part lost in proportion to the price paid; such a charge must have been based on the lack of proof which the Supreme Court said was error.

It is noted that the appellant in this cause alleges that it paid $25 per acre for the land, but a deed of this character, where an entire tract is sold for a gross amount, is not an agreement that each acre of land was of the value of $25, and that the vendee was paying that price per acre for said land. You cannot read into this character of contract, where the consideration is not severable by agreement, that Northcutt gave Hume, and that Hume received, $25 per acre for the 89²/₁₀ acres lost, if it were lost; you, of course, may read into it, if a part is lost, that Hume has agreed to pay the value of the land lost in proportion to the whole price. If that only be true, then to say that this value is 320 acres into $8,000, b|ecause it is a mathematical average, when the land was not sold per acre, but in an entire body for a gross sum, and without any proof of value of uniformity, is not proof of proportionate value. See Mengel Box Co. v. Ferguson, 124 Tenn. 433, 137 S. W. 104; Major v. Dunnavant, 25 Ill. 262. The proportionate relative value of the part referable to the estimated value is the measure; and where the allegation is that he paid a gross amount, which is proven, an additional allegation that he then paid $25 per acre, which is not proven, with an absence entirely of any value of the land lost, or the land preserved, or the land "near Hale Center," is not sufficient to put the case to the jury on substantial damages. The pleader in this cause as to value does not even place the status of his case as to pleading within the purview of the dictum of the Supreme Court, in the case of Hynes v. Packard, supra; and it is a different case from that decided by Justice Stephens (Gass v. Sanger, 30 S. W.

174 S.W.—62

503), where uniformity was shown and the court was able to deduce the value of each acre proportionately to the price paid, and which the facts of different tracts makes the burden harder.

[3, 4] Appellant asserts that he established a breach of the contract of warranty, and therefore was entitled to nominal damages, and that the same should have been submitted to the jury for the establishment of such damages, which would have carried the costs.

"Nominal damages mean no damage at all. They exist only in name, and not in amount. In the quaint language of an old writer, they are 'a mere peg to hang costs on.' They are such as are to be awarded in a case where there has been a breach of a contract and no actual damages whatever have been or can be shown." Stanton v. Railway Co., 59 Conn. 282, 22 Atl. 303, 21 Am. St. Rep. 116.

In this cause, as stated, appellant, as plaintiff in the court below, sued to restrain the Canadian Gas & Oil Company from selling the land under deed of trust, making appellee Hume a party defendant to the suit on the warranty. The Canadian Gas & Oil Company set up its demand with reference to the notes, and the following agreement was entered into between all the parties in open court:

"It was agreed in open court that the same defense could be made to the notes in the hands of Canadian Gas & Oil Company as if they were in the hands of H. E. Hume; so that whatever judgment might be rendered in favor of plaintiffs against defendant Hume might be credited on the notes, and judgment for the balance due to be rendered in favor of the Canadian Gas & Oil Co."

We think it clear, after the Canadian Oil & Gas Company, as a defendant, had set up its demand on the notes, that a nominal judgment against Hume, credited upon the notes, would not have carried the costs against the Canadian Oil & Gas Company. "On the trial of such issue, if the defendant shall establish a demand against the plaintiff exceeding that established against him by the plaintiff, the court shall render judgment for the defendant for such excess." Article 1327, Vernon's Sayles' Civil Statutes. And under article 1328 costs are adjudged against appellant. In this cause we are clear that the judgment should not be reversed as against the Canadian Oil & Gas Company, and to affirm the judgment against it, then to return the litigation for the reframing of issues, and the retrying of same between Hume and Northcutt, would not equitably work out, bearing in mind the rights of the Canadian Oil & Gas Company. It would have no right to join Hume in fighting the cause, the case against it would be closed; and we think it would not be fair to the Canadian Oil & Gas Company to reverse the case as to Northcutt and Hume and permit them to fight the issues and the lawsuit over again, with the Canadian Oil & Gas Company eliminated. To do that, the agreement above quoted should also be eliminated, which we do not feel like asserting on this appeal, and on the

whole, we think the cause should be affirmed; and it is so ordered.

Affirmed.