## THOMAS A. RAINES v. L. C. CALLOWAY.

Where the purchaser of land lying in Louisiana sued his vendor in this State upon the statutory warranty provided by the laws of Louisiana, alleging as a breach of the warranty that the title to part of the lands, conveyed to him by the defendant, was outstanding in third parties; and the defendant excepted to the petition because it was not averred therein that the plaintiff had been evicted from his possession, or had been molested or disturbed in the quiet and peaceful possession, enjoyment and use of the lands; *it is held*, that the exception was well taken, and should have been sustained.

By the laws of Louisiana, a purchaser who has received possession of land under an executed contract of purchase, subject to the statutory warranty, cannot recover the purchase money unless he has suffered either actual eviction, or what, by the law of Louisiana, is equivalent thereto.

That the holder of the outstanding title is asserting the same against the purchaser, or that the purchaser has inherited or purchased the property from the true owner, would, in contemplation of the law of Louisiana, constitute an eviction from the land.

Where, in a suit upon a warranty of title, the defendant alleged that the plaintiff was in possession of all of the land agreed to be sold, and that, by misdescription of the land, there were mistakes in the deed, which he asked might be corrected;—*held*, that, as to the matter so alleged, the defendant became the actor or complainant in the suit, and that the court should have inquired into the truth of his allegations, and should have corrected the mistake, if proved.

Raines v. Calloway.

When, in an action upon a warranty of title, it appeared that several different tracts lying together were sold for an aggregate sum, and there was a failure of title as to some of the tracts only, and the different tracts varied materially in value, the measure of damages should have been, not the average value of the whole per acre, but the actual value of the tracts to which the title failed, to be ascertained by their relative value compared with the balance of the land, and assuming the contract price to be the value of the whole.

A special verdict must find every fact necessary to show that the judgment is a proper one; such a verdict cannot be aided by the general mass of the testimony.

ERROR from Rusk. Tried below before the Hon. C. A. Frazer.

Larkin C. Calloway, the defendant in error, instituted this suit against Raines, the plaintiff in error, by petition filed on the 14th of April, 1856.

On the 27th of August, 1853, Raines sold and conveyed to Calloway several tracts of land comprising 1319 acres, and described as lying in Union parish, State of Louisiana. By the same deed Raines also conveyed to Calloway a number of slaves and mules. The consideration agreed on and expressed in the deed for the whole of the property, lands, slaves and mules, was the sum of twenty-six thousand dollars, of which sum the price of the land, as estimated by the parties, was ten thousand dollars, or a fraction over seven dollars and a half per acre. Calloway executed his notes for the purchase money, due by instalments at future dates, and mortgaged the property conveyed, and also other property of his own to secure their payment.

The deed from Raines to Calloway contained no covenants of warranty, and was treated, therefore, as being subject to the statutory mortgage provided by the law of Louisiana, where the deed was made and the lands lay.

The plaintiff alleged in his petition that the defendant represented that the lands conveyed by the deed lay in one body, and that he, the defendant, was vested with absolute title to them in fee simple; that these representations were false and fraudulent; that the lands did not lie in one body, nor did defendant have any title to about eight hundred acres of them; that certain of the tracts could not be found in Union parish, and that certain others

of them belonged to different individuals designated by name; that one of the tracts was, at the date of the deed, public land of the United States, but had since been entered. There were other charges of fraud made in the petition with reference to the personal property conveyed, but they need not here be noticed.

The petition also averred that, by the laws of the State of Louisiana, a warranty of title to land always exists unless disavowed in the deed; that the plaintiff's notes for the purchase money had been transferred by the defendant, before their maturity, to one Stowe, who purchased them without notice of the fraud of the defendant or his want of title to the lands; whereby plaintiff was deprived of relief by way of defence to said notes. Petitioner prayed for judgment for his purchase money and interest, or for the value of the lands and all damages, alleged to be fifteen thousand dollars.

At the Spring Term, 1857, the defendant excepted to the petition, because there is no allegation that the plaintiff had been disturbed or molested in the quiet and peaceful possession, enjoyment and use of the lands, and for other reasons set forth. At the same time the defendant filed his answer, and alleged that, at the date of his deed to the plaintiff, he had title to the lands described in the deed, except that those lands described in the deed as being in township nine, were, in fact, in township nineteen; that he, defendant, exhibited his title papers to the plaintiff to examine them for himself, and informed plaintiff that he would not warrant the titles; that the misdescription in the deed was an accidental mistake in drawing the deed, and was well known by the plaintiff to be a clerical mistake long before the bringing of this suit. That on being informed by the plaintiff of such mistake, in the year 1855, this defendant offered and proposed to correct it; and defendant further states that he is now, and ever has been, ready and willing to correct all mistakes in said deed, and that plaintiff is now and has been, since the date of the sale, in the uninterrupted, quiet and peaceable possession of the lands then sold to him, using, enjoying and cultivating the same, without any one to molest or make him afraid. With this answer, the defendant exhibited his muniments of title.

The plaintiff excepted to the answer, and assigned for cause, as

to the land alleged by the plaintiff to be in township nineteen instead of nine, that "the defendant's deed contains no such land in township nineteen, but locates the same in township nine;" that, as to the defendant's allegations of title to all the land named in the answer, plaintiff excepts because he does not seek a recovery for want of title to any other lands than those to which defendant had no title; that, as to that part of the answer alleging a mistake, the plaintiff excepts because the defendant has never corrected the mistake, nor does he now tender a deed, free from those mistakes, to the plaintiff; and because said allegations constitute no sufficient legal defence to this action. Sundry other special causes of exception to the answer were assigned by the plaintiff.

On May 10, 1858, the defendant amended and again excepted to the original and amended petitions, "because the said plaintiff has not alleged that he has been evicted from the possession, or even disturbed in the occupation, use and enjoyment of the property alleged to have been sold by defendant to plaintiff;" and for other reasons. And the defendant specified various other mistakes committed in drawing the deed, and prays that the deed be reformed in these particulars, and be made to conform to the facts as they were at the time of the trade.

To this last amendment, the plaintiff excepted because it was "entirely new matter."

There was much other pleading on both sides, but it is not necessary to detail it.

The cause came to trial at the Spring Term, 1858. The defendants' exceptions to the plaintiff's petition were overruled. The plaintiff's exceptions to the defendant's answers were sustained. The evidence, in view of the opinion of the court, need not be recapitulated. In his charge to the jury, the judge submitted twelve special issues for their finding. The verdict of the jury is sufficiently noticed in the opinion. The court below rendered judgment in favor of the plaintiff for $5616 66.

The defendant moved for a new trial, assigning causes; and also in arrest of judgment, "because the law does not authorize a judgment upon the verdict of the jury found in the cause." Both

motions were overruled, the plaintiff remitting some $300 of his verdict.

The defendant sued out his writ of error, and assigns for error the overruling of his general and special exceptions to the plaintiff's original and amended petitions; the overruling of the motions for a new trial and in arrest of judgment, and other causes.

*Donley & Anderson*, and *Tignal W. Jones*, for the plaintiff in error.

*Martin Casey*, for the defendant in error.

BELL, J.—It is plain from the evidence, that in the deed from Raines to Calloway, there was a misdescription of a portion of the land which Raines intended to convey. The evidence shows that previous to the execution of the deed, Raines had pointed out the land to Calloway. The land about which the parties contracted, was situated in a body, in Union parish, and in township No. nineteen. By mistake, however, as is alleged by Raines, and as may well be inferred from the evidence, four of the tracts of land intended to be conveyed, amounting to four hundred and forty acres, were described in the deed as situated in township No. nine, instead of township No. nineteen. It is shown by the testimony of the register of the land office, that these four tracts of land in township No. nine, are public lands, which had never been entered at the time the witness testified. All the balance of the land described in the deed from Raines to Calloway, is situated in township No. nineteen. In response to issues submitted to them, the jury found that there was a failure of title to six hundred and eighty-one acres of the land described in the deed from the plaintiff in error to the defendant in error. I suppose that by this verdict the jury meant that the title to the four hundred and forty acres of land in township No. nine, was not in Raines at the time of the sale to Calloway; and also that he had failed to show any title in himself to the John Smith tract of forty acres; to the Obadiah Smith tract of eighty 67-100 acres; to the Orasha Squires tracts of eighty 46-100 acres, and to the John Palmer tract of eighty

Raines. v. Calloway.

45-100 acres. There is not a little confusion and some positive contradictions in the testimony. The register of the land office, for instance, in one part of his testimony, says that the north-east quarter of the south-east quarter of section twenty-two, in township No. nineteen, was entered by John Calloway, whereas, in an exemplification of the township, from the records of his office, this .tract of land is shown to have been entered by A. M. Raines, the defendant below; and the patent to Raines for this tract, was read in evidence, and the record contains an admission by the plaintiff below, that he received from Raines a good title to this and other tracts. It would be unprofitable, in this opinion, to comment at any great length upon the testimony, for it can only be fully understood by a careful examination of the transcript. It is necessary, however, to remark, that the plaintiff below, Calloway, at the time of the purchase from Raines, was put in possession of the land intended to be conveyed by the deed; that his possession has never been disturbed either by adverse entry upon the land, or by suit to establish title to any part of it; and that upon the trial there was no evidence that any actual claim was made to any part of it by any of the persons in whom the plaintiff below alleged the outstanding titles to be, or by any other persons; but upon the contrary, the defendant below offered in evidence deeds or other evidences of title to himself for all (or nearly all) the lands pointed out by him to Calloway, and which he alleges was the land which both himself and Calloway understood to be conveyed by the deed. The defendant below in his answers, points out the errors committed in writing the deed and proposes to correct them.

The defendant below excepted to the plaintiff's petition, that the same was insufficient in law, because it did not aver that the plaintiff had been disturbed or molested in the quiet and peaceful possession, enjoyment and use of the land described in the petition. This exception was overruled by the court below, and this ruling presents perhaps the most important question in the case. In support of the ruling of the court, it is contended that by the law of Louisiana, the purchaser of land is deemed to be evicted from the possession, whenever an outstanding title is shown in a third person, though there may be no actual claim of title, no adverse entry

and no suit. An examination of the cases cited by the counsel on both sides of this case, satisfies us that the position above stated cannot be maintained. Some of the earlier Louisiana cases went so far as to recognize this principle, but it has been repudiated in many later cases; and except in certain cases relating to mortgages, which are governed by certain provisions of the civil code of that State, the law of Louisiana, on the subject under discussion,. seems to be very nearly the same as our own. In the case of Rightor v. Kohn and others, 16 Louisiana Rep., 501, Garland J. said, "It has been long settled, that a vendee cannot refuse payment of the price, on the ground that other persons have titles to the land sold him, but who have not disturbed him." In the case of Kemp v. Kemp, 2 Louisiana Rep., Judge Parker said, "Where a party resorts to his action of warranty, before a decision of a court of justice is made against him, he assumes and takes upon himself the burthen of proving that the land belongs to another, and is, in truth, acting against the title he holds under. He should therefore, make out a clear case. The court cannot but feel that he may, peradventure, be setting up claims which those in whose name the right is vested, would not think of asserting." Numerous cases to the like effect, are to be found in the reports of the State of Louisiana; see the cases of Bessy v. Pintado and others, 3 Louisiana; Guidry v. Green, 1 Martin N. S.; Fulton's heirs v. Griswold, 7 Martin, (old series) 223. It is true that by the law of Louisiana, it is not necessary in order to constitute an eviction, that the party should be actually dispossessed. If the purchaser should inherit the property, or should purchase it from the true owner, this, in contemplation of the law of Louisiana, would be an eviction. (Landry v. Gamet, 1 Robinson, 362, and the authorities there cited.) In the present case, the evidence leads strongly to the conclusion that the defendant below has title (at least) to the greater portion of the land to which the plaintiff alleges there are outstanding titles; and we could not sustain the judgment of the court below without feeling that we were sustaining claims which those persons in whose names the outstanding titles are alleged to be, will, in all probability, never assert.

We are of opinion, that the court below erred in overruling the

exception of the defendant below to the plaintiff's petition, in the particular here discussed.

The defendant below alleged that the plaintiff was in possession of all the land which was understood by both parties to pass by the deed. He alleged that there were mistakes in the deed in the description of the land actually bargained, and he asked that those mistakes should be corrected. To this extent, the defendant became the actor in the court below, and the court ought to have inquired into the truth of his allegations, and upon proof of a misdescription of the land in the deed, the mistakes ought to have been corrected.

There is one important particular in which the verdict of the jury does not appear (with any clearness) to be sustained or warranted by the testimony. The proof showed that in the contract of sale between Raines and Calloway, the land conveyed by Raines was estimated to be worth ten thousand dollars in the aggregate; or at least this may be inferred from the proof. The evidence also showed that there was great disproportion in the value of the different lots or parcels of land conveyed. The jury found that there was a failure of title to six hundred and eighty-one acres, and they valued these six hundred and eighty-one acres at the average value of the whole amount of land conveyed, whereas, the true measure of damages, if there was in fact a failure of title to any portion of the land, would be the actual value of the particular lots or parcels to which there was a failure of title; to be ascertained by their relative value compared with the balance of the land, assuming the price agreed on by the parties as the value of the whole. What is fatal to the judgment in this particular, is, that the verdict was a special one, and did not ascertain the particular tracts to which there was a failure of title, so that the evidence of value could be applied. The rule is well established, that a special verdict must find every fact necessary to show that the judgment is a proper one. The verdict cannot be aided by the general mass of the testimony.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.