### JOHN F. HYNES ET AL. V. JOHN Q. PACKARD.

No. 650.  Decided April 25, 1898.

**1.  Grant—Navigable Waters.**

Land covered by the waters of a bay and lying beyond the coast line was not.
the subject of a grant by the State of Coahuila and Texas.  Roseborough v. Picton, 12
Texas Civ. App., 113.  (P. 49.)

**2.  Warranty—Failure of Title to Part—Damages.**

The damages on breach of warranty of title to a definite part of lands conveyed
will bear the same proportion to the whole purchase money as the value of the part.,
to which the title fails bears to the whole premises estimated at the price paid. (P. 49.)

**3.  Same—Pleading—Evidence—Prima Facie Case.**

Plaintiff suing to enjoin sale of lands under a deed of trust securing his note to his.
vendor for a balance of purchase money of various tracts of lands sold at $4 per acre,
including two of which there had been partial failure of title—alleged that such part
was "of little or no value."  Under such pleading, and without proof of the relative
value of the part to which title had failed, there was no presumption that there
was equality in value, and the court could not determine the amount of the deduc-
tion to be made, if any, nor, assuming it to be $4 per acre, instruct the jury to find
for the plaintiff and for cancellation of the notes. (Pp. 49, 50.)

**4.  Answer—Admission—General Denial.**

When a general denial is interposed by defendant, no statements in the answer can:
be used as evidence to establish the allegations of plaintiff's petition. (P. 50.)

ERROR to the Court of Civil Appeals for the First District, in an ap-
peal from Victoria County.

The suit was brought by Packard against Hynes et al., and the latter
appealed from a judgment recovered by plaintiffs, and on its affirmance
obtained a writ of error.

*Proctors*, for plaintiffs in error.—The allegations of the petition
merely disclosing that there were areas of certain surveys in which ap-
pellant Hynes conveyed an interest to appellee, which areas were cov-
ered by water, and that there were certain other areas at times covered
by the tide, said pleading was insufficient to show that said grants were
void to the extent stated, in view of the further facts shown by said pe-
tition that said areas were embraced within the metes and bounds of
grants made under the Power and Hewitson's colony contract and by
officers of the Republic and State of Texas.  1 Sayles' Early Laws, art.
108; Pasch. Dig., art 258; Hamilton v. Menifee, 11 Texas, 751; Ledyard
v. Brown, 27 Texas, 404; Elliot v. Mitchell, 28 Texas, 110; Id., 47
Texas, 447; Johns v. Schutz, 47 Texas, 582; Sideck v. Duran, 67 Texas,
260; Clark v. Hills, 67 Texas, 141; Galveston v. Menard, 23 Texas, 391..

Said grants were at most voidable by the State alone. Trueheart v. Babcock, 51 Texas, 169; Gullett v. O'Connor, 54 Texas, 416; Winsor v. O'Connor, 69 Texas, 576; League v. Rogan, 59 Texas, 430; Decourt v. Sproul, 66 Texas, 368.

Appellee having ratified the contract, his only cause of action was one for deceit. Grabenheimer v. Blum, 63 Texas, 374; DuBois v. Rooney, 82 Texas, 177; Moore v. Cross, 29 S. W. Rep., 1051; 2 Pom. Eq. Jur., sec 897, note 1; Big. on Fraud, 184.

The action for damages resulting from a deficiency in quantity of land conveyed is an action for deceit, and not upon the covenant of warranty. DuBois v. Rooney, 82 Texas, 177; Moore v. Hazlewood, 67 Texas, 624; Daughtrey v. Knolle, 44 Texas, 456.

Such cause of action is barred in two years. Smith v. Fly, 24 Texas, 353; Bass v. James, 83 Texas, 111.

In a petition seeking to have established and allowed an abatement in purchase price of lands by reason of the alleged facts that portions thereof were covered by water and contained tidal areas, and not alleging that the same had no value, it was appellee's duty to set forth such areas by sufficient description and offer to restore to appellant Hynes such title and possession as appellee had acquired from said appellant. Ogburn v. Whitlow, 80 Texas, 242; Haralson v. Langford, 66 Texas, 114; Demaret v. Bennett, 29 Texas, 268; Lemmon v. Hanley, 28 Texas, 225; Woodward v. Rodgers, 20 Texas, 178; Smith v. Nolen, 21 Texas, 498; Cooper v. Singleton, 19 Texas, 260; Fondren v. Leake, 1 Posey, 153; 28 Am. and Eng. Enc. of Law, 151; Maupin on Marketable Titles, secs. 257, 584.

Although the grants wherein appellant Hynes conveyed an interest to appellee may have been invalid as regards the areas covered by water and tidal areas, still said appellant, specially pleading that he had delivered possession of such areas to appellee and that the same were of pecuniary value and susceptible of certain uses, and as such were being enjoyed by appellee, presented a meritorious plea, and was entitled to the relief he sought, to be restored to possession of said areas, if appellee should recover. Same authorities.

What appellant Hynes conveyed to appellee was interests in the two Hynes grants. If the areas covered by water were portions of said grants there was no misrepresentation as to the quantity, and appellee's title has not failed. If the grants were not valid as regards such areas, then they would not pass under or be embraced within appellants' conveyance, and consequently can not be subject to such warranty.

The conveyance by Hynes to Packard containing no covenant for quantity, in order for Packard to recover the abatement claimed by reason of the deficiency in quantity he must prove mutual mistake or fraud perpetrated upon him: Smith v. Fly, 24 Texas, 351; O'Connell v. Duke, 29 Texas, 310; Ladd v. Pleasants, 39 Texas, 416; Daughtrey v. Knolle, 44 Texas, 456; Rich v. Ferguson, 45 Texas, 398; Weir v. McGhee, 25 Texas Supp., 31; Moore v. Hazelwood, 67 Texas, 624;

Wheeler v. Boyd, 69 Texas, 293; Culbertson v. Blanchard, 79 Texas, 492.

The Court of Civil Appeals erred in its judgment herein rendered, in that it permits appellee to resist the payment of purchase money on account of a defect in title of lands whereof appellants aver appellee now in possession, without interference or eviction, and of which defect the court finds appellee had knowledge at the time of his purchase. Du-Bois v. Rooney, 82 Texas, 177; Moore v. Hazlewood, 67 Texas, 624; Daughtrey v. Knolle, 44 Texas, 456; Haralson v. Langford, 66 Texas, 113; Price v. Blount, 41 Texas, 472; Fagan v. McWhirter, 71 Texas, 569; Woodward v. Rodgers, 20 Texas, 176.

The Court of Civil Appeals erred in its holding that the proper amount of abatement of purchase price for the water area is to estimate it at the price of $4 per acre, since this is not the true measure of damages in this cause, this being a sale in gross. Wheeler v. Boyd, 69 Texas, 298; Daughtrey v. Knolle, 44 Texas, 456.

The Court of Civil Appeals erred in its judgment that appellee was entitled to an abatement of $4 per acre for the quantity in the two Hynes grants covered by water, and erred in affirming the judgment of the District Court rendered upon a verdict of the jury instructed by the court, since the question, whether or not the said area covered by water, to say 1209 26-100 acres in sale in gross of over 35,000 acres, was a gross deficiency or not, was a question which should have been submitted to and passed upon by a jury, and which issue was distinctly raised by appellants' thirty-ninth assignment of error. Daughtrey v. Knolle, 44 Texas, 456; Weir v. McGee, 25 Texas Supp., 31.

The Court of Civil Appeals erred in affirming the judgment rendered in this cause, since the record discloses that appellee purchased of appellant Hynes an interest in certain surveys of land at a purchase price of $4 per acre, to be calculated on the basis of the number of acres stated in the patents and grants, and shows that there was no representation in any manner of any definite quantity in any survey, and the court has found that there was no mistake or concealment regarding the water area in the two Hynes grants, and consequently it is shown that appellee in said purchase hazarded the risk of loss or gain in quantity, and the court has by its judgment awarded to appellee relief from a risk which he deliberately assumed, and has thus changed the entire contract between the parties.

The Court of Civil Appeals erred in sustaining appellants' twelfth assignment of error, based upon the action of the trial court in overruling special exception number 12 by appellants to appellee's petition, since said petition disclosed that appellee sought to enjoin a sale under a deed of trust attempted to be made to pay a debt a large portion of which appellee admitted he owned, and yet said petition failed to tender any trustee's commission or expenses incurred by appellant Hynes in said attempted sale, and was consequently deficient in the regard speci-

fied in said exception, in that it sought equity and failed to do equity. Groesbeeck v. Crow, 85 Texas, 200.

The Court of Civil Appeals finds that appellee was not entitled to relief on the ground of either fraud or mistake, and holds that appellee is entitled to relief by virtue of a breach of a general warranty of title contained in the deed of appellant Hynes, and this holding is error; because (1) the action brought by appellee was plainly not one upon breach of any covenant of warranty of title, but was an action based upon fraud and mistake; (2) even if appellee had declared upon the breach of a covenant of warranty of title, yet his petition wholly failed to allege any elements of a measure of damages upon breach of a warranty of title, and no recovery upon such phase is admissible under appellee's pleadings; (3) the Court of Civil Appeals, "as a practical way" to get at the measure of damages for breach of a covenant of warranty of title, awards an abatement of $4 per acre as to all lands to which the alleged breach of title has arisen, despite the facts plainly apparent, (1) that there is no proof whatever as to the value of said 1209 26-100 acres, appellee's theory being that the same is wholly valueless because covered by water, while appellants have been refused permissison to introduce any testimony whatever for said value of said 1209 26-100 acres; (2) there is no proof as to the value of the remainder of said land which appellee yet retains, but there is proof that some of these lands are worth as high as $10 per acre, or that appellee has been offered and has refused $10 per acre for some portion of these remaining lands; (3) that the Court of Civil Appeals has awarded to this appellee $4 per acre as the measure of damages for breach of a warranty of title to 1209 26-100 acres of land, and yet sanctions the action of the trial court in refusing to permit appellants to prove that these same 1209 26-100 acres of land had a value, and the appellee, though he recovers $4 per acre for this land, yet retains all title and possession to the same which he acquired from the appellant Hynes.

*Saml. B. Dabney,* for defendant in error.—The general proposition was established in Wheeler v. Boyd, 69 Texas, 298, that when the purchaser seeks an abatement for a deficiency in area he is not necessarily entitled to an abatement proportioned to a surface deficiency; his abatement may be based upon the proportion between the intrinsic value of the land to which the title has failed to that of the land to which the title has not failed. Of course the basis of valuation of the whole is the purchase price. This rule is applicable only in case of failure of title to land embraced within the description of the deed. When the deficiency is due, not to failure of title to land embraced within the description in the deed, but arises out of the fact that the description, when applied to the land, does not embrace the specified quantity, then, where there is a right to an abatement, either for a gross deficiency or in case of a sale by the acre, necessarily a different measurement must be adopted. No specific tract of land can be designated as constituting

the deficiency. In such cases the abatement is calculated by multiplying the number of acres making the shortage by the average price per acre. Walling v. Kinnard, 10 Texas, 511; Mitchell v. Zimmerman, 4 Texas, 81; Franco Texas Land Co. v. Simpson, 1 Texas Civ. App., 600.

BROWN, Associate Justice.—The facts alleged were sufficient to sustain an action for breach of warranty of title, and the trial seems to have been had in the court below upon the theory that the suit was to recover upon the warranty; the Court of Civil Appeals so treated the case, and we think it unnecessary to review any of the assignments of error based upon the rulings upon exceptions directed against allegations which presented a different phase of the case. The application for a writ of error contains only such grounds as relate to the right to recover upon the alleged breach of warranty and to have the injunction perpetuated.

Considering it as an action for damages accruing from a breach of warranty of title, the following are the material facts found by the Court of Civil Appeals: On March 2, 1891, John F. Hynes conveyed to John Q. Packard an undivided one-fourth interest in about twenty-eight tracts of land, aggregating 35,000 acres—inherited from his father—for a consideration of $27,782.92. The deed described each tract in which an interest was conveyed, including the two tracts in which it is alleged there has been a partial failure of title,—the one being a league of land granted by the government of Coahuila and Texas to Peter Hynes, and the other a quarter of a league granted by the same government to John Hynes. The deed of conveyance from plaintiff in error to defendant in error contained a covenant of general warranty of title to the undivided one-fourth interest in all of the different surveys. All of the purchase money was paid except one note for $6573.96. At the time the deed was made to him Packard executed a deed of trust to John Little, authorizing him in case of default in the payment of the notes described in the deed of trust to sell the land and discharge the notes, and also authorizing and empowering John F. Hynes under certain circumstances to appoint a substitute trustee, and the contingency named having happened, F. C. Proctor was made substitute, who, in accordance with the terms of the deed of trust, advertised the land for sale, Packard having failed to pay the note mentioned above at its maturity.

The two Hynes surveys extended across Hynes Bay, and included in their boundaries as given in the deed of conveyance 1209 26-100 acres of the navigable water area of the bay. Hynes Bay connects with the Espiritu Santo Bay and the latter connects with the Gulf of Mexico, so that the water area embraced as above stated lies beyond the coast line, and the title did not pass by the grant made to Peter Hynes and John Hynes under whom plaintiff in error claimed, and the title to so much of the land conveyed by John F. Hynes to Packard has failed.

After the notices of sale had been posted by the trustee, Packard tendered to Hynes and the trustee a sufficient amount of money to dis-

charge the debt, after allowing him a credit for one-fourth of the value of 1209 26-100 acres at $4 per acre, and, the tender being refused, Packard sued out an injunction restraining Proctor, the trustee, from selling the land under the deed of trust, tendering into court the money which had been tendered to John F. Hynes, setting up all the facts necessary to entitle him if found true to a deduction of the value of the land. The petition prayed that the plaintiff in error be compelled to accept the amount tendered in satisfaction of the unpaid note, that it be canceled, and that the trustee Proctor be perpetually enjoined from selling the land under the deed of trust. The petition alleged that the portion to which title had failed "is of little or no value," but alleged that the purchase was made at the rate of $4 per acre, and claimed a reduction of the purchase money at that rate.

Upon the trial of the case the judge of the District Court instructed the jury to return a verdict for the plaintiff for a sum sufficient to satisfy the remainder of the note described in the petition, which was done; the judgment recites, that, it appearing to the court that John F. Hynes had accepted as a partial payment the money tendered by Packard, it was adjudged that the note be canceled and that the trustee Proctor be perpetually enjoined from selling the land under the deed of trust.

In Roseborough v. Picton, 34 Southwestern Reporter, 791, the title to the same land was involved, and the Court of Civil Appeals in a very clear opinion by Judge Williams decided that the land was not the subject of grant by the officer who executed the Hynes titles, and that no right passed by such grants. We think the decision is correct. Hynes having no title conveyed none, and was liable upon his covenant of warranty.

If the title had failed to all the land conveyed by Hynes to Packard, the measure of damages would be the purchase money with interest from the date of payment. The failure, however, being partial and of a definite part of two of the many surveys that were conveyed, the rule by which to ascertain the grantor's liability under the warranty is aptly stated thus: "The damages will bear the same proportion to the whole purchase money as the value of the part to which the title fails bears to the whole premises estimated at the prices paid." Phillips v. Reichert, 17 Ind., 120; Raines v. Calloway, 27 Texas, 678; Thomas v. Hammond, 47 Texas, 42; Morris v. Phelps, 5 Johnson, 49; Beaupland v. McKean, 28 Pa. St., 124; Dalton v. Bowker, 8 Nev., 190; Cornell v. Jackson, 3 Cush., 506; Giles v. Dugro, 1 Duer, 336; 3 Sedg. on Dam., p. 111, sec. 970.

In the case of Rains v. Calloway, above cited, it was sought to recover damages for failure of title to a part of the land embraced in the warranty, and this court said: "The jury found that there was a failure of title to the 681 acres, and they valued these 681 acres at the average value of the whole amount of land conveyed, whereas the true measure of damages, if there was in fact a failure of title to any portion of the

land, would be the actual value of the particular lots or parcels to which there was a failure of title, to be ascertained by the relative value compared with the balance of the land, assuming the price agreed on by the parties as the value of the whole." The evidence showed that the land conveyed was not of uniform value.

The plaintiff alleged in this case that the part of the land to which there was no title and for which he sought recovery was "of *little* or *no value*," from which it was manifest that it was not of equal value with the other land conveyed. No presumption could be indulged that there was equality in value; and there was no evidence of its value as compared with the balance of the land embraced in the same conveyance, hence it was error for the district judge to instruct the jury to find a verdict for the plaintiff and to render judgment thereon canceling the note of the plaintiff in error, declaring the note satisfied. The court could not from the evidence determine what amount of deduction plaintiff below was entitled to on account of the failure of the title. If the land lost was of no value plaintiff was entitled to nothing, and if of *"little value"* the amount should have been proved.

The defendant in error claims that he made a prima facie case which entitled him to recover for the number of acres embraced in the water area, at the rate of $4 per acre, and that it devolved upon the defendant below to establish that it was worth less than the average per acre of the price for which it was sold. If the petition had alleged that the land lost was worth $4 per acre or more, it might be that proof that the sale was made for an amount which was equal to the average of $4 per acre would be prima facie evidence and sufficient to cast the burden upon the defendant to show that the part to which the title failed was in fact worth less, but under the pleading and the evidence in this case that question is not before us and is not decided. The burden was upon the plaintiff to establish his right and to show the amount he was entitled to recover, which he failed to do.

Counsel for defendant in error also suggests that the plaintiff in error alleged in his answer in the District Court that the land was worth $5 per acre, and claims that this would be sufficient to sustain the judgment of the court below. That answer of the plaintiff in error was stricken out upon exceptions and was not before the court as a pleading upon the trial; besides, the defendant in the court below pleaded a general denial to all the allegations of the plaintiff's petition, and it is a well established rule in this State that when a general denial is interposed by the defendant no statements in the answer can be used as evidence to establish the allegations of the plaintiff's petition. Silliman v. Gano, 90 Texas, 637, and authorities cited on page 647.

We find it unnecessary to notice any other assignment made by the plaintiff in error, because we believe that the court ruled correctly upon all those presented in the application for a rehearing, and that all others which were presented to the Court of Civil Appeals and not presented

here relate to a phase of the case which will not again be before the court.

For the error indicated above, the judgments of the District Court and Court of Civil Appeals are reversed and the cause is remanded to the District Court.

*Reversed and remanded.*