DINCANS et al. v. KEERAN et al.
(No. 5805.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 21, 1917.)

1. TRESPASS ⬭25—USE OF LAND—CAMPING, FISHING, AND HUNTING.

Use of lands of another for hunting, fishing, and camping and taking water from the owner's well was trespass, and unauthorized permission by one other than the owner, after the trespass, was no defense.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 54–57.]

2. INJUNCTION ⬭189—TRESPASS—DECREE.

Decree enjoining defendants from trespassing on plaintiff's lands adjoining a navigable stream, and also restraining them from their lawful right to use shore line for fishing and hunting and camping, was too comprehensive.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 409.]

3. NAVIGABLE WATERS ⬭36(3)—BOUNDARIES —"SHORE LINE."

Under the civil law the "shore line" boundary of lands adjoining navigable waters is the line marked by the highest tide.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. § 186.

For other definitions, see Words and Phrases, First and Second Series, Shore Line.]

---

**4. NAVIGABLE WATERS ☞36(3)—BOUNDARIES —"HIGHEST TIDE."**

The term "highest tide," referring to boundaries of lands adjoining navigable waters, does not mean the highest crest of storm-driven sea water.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. § 186.]

**5. NAVIGABLE WATERS ☞33 — RIPARIAN RIGHTS—SHORE OF STREAMS.**

Campers and owners of land adjoining navigable stream had equal rights to use shore line between high and low tide marks.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. § 179.]

**6. NAVIGABLE WATERS ☞16 — RIPARIAN RIGHTS—WATER OF STREAMS.**

Campers and owners of lands adjoining navigable stream had equal rights to use such navigable waters.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 43–49, 51–53.]

**7. FISH ☞3—NAVIGABLE WATERS ☞29— REASONABLE PUBLIC USES.**

Hunting, camping, and fishing are reasonable uses of the waters and short line of navigable streams.

[Ed. Note.—For other cases, see Fish, Cent. Dig. §§ 3, 4, 6–8.]

**8. NAVIGABLE WATERS ☞36(3)—SHORE LINE —RIGHTS OF ADJOINING OWNERS.**

Owners of land adjoining a navigable stream could acquire exclusive rights to the shore line thereof only by express legislative act, and no state officer could lease or sell it in any other way.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. § 186.]

Appeal from District Court, Victoria County; John M. Green, Judge.

Suit by Mrs. M. J. Keeran and another against Tom Dincans and others. Decree for plaintiffs, and defendants appeal. Decree reformed and affirmed.

Linebaugh & Crain and R. L. Daniel, all of Victoria, for appellants. Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellees.

SWEARINGEN, J. Appellees, Claude Keeran and Mrs. M. J. Keeran, brought this suit against appellants to recover damages caused by trespassing upon the inclosed lands owned by appellees, and to restrain appellants from further trespass thereon. Appellants denied the trespass, alleging that they camped on the shore line of the navigable stream; and from the shore line fished in the stream.

The court instructed a verdict for appellees, and thereupon decreed that appellees recover from appellants one cent and costs, and that appellants be perpetually restrained from entering upon appellees' land for the purpose of hunting, fishing, and camping thereon. And the decree further enjoined appellants from trespassing or entering upon the pasture inclosure of the plaintiff's for all or either of said purposes.

[1] The evidence justified the court's peremptory instruction, because it is undisputed that appellants used the inclosed lands of appellees for the purpose of hunting, fishing, and camping: First, in order to reach the navigable stream; and, again, to supply their camp with water from the artesian well of appellees. Appellants attempted to allege and prove permission for the drinking water trespass, but failed. Permission from the colored cow skinner was not authorized, and, besides, was obtained after trespass. The danger of damage to appellees' cattle was proven.

[2] It seems, however, that the trial court's decree was too comprehensive, in this, that it not only enjoined appellants from trespass upon the lands owned by appellees, but also restrained appellants from the enjoyment of their lawful right to use the shore line of the navigable waters, which formed the western boundary of appellees' land.

It will be observed that the petition of appellees contained two conflicting descriptions of their lands: first there is the description of the recorded title; second, this description: All lands within appellees' pasture inclosure.

[3] The lands described in the title papers passed out of the sovereignty in 1833, while the civil law controlled, and that description extended the western boundary only to the line marked by the highest tide of the navigable waters, which were affected by the ebb and flow of the tide from the Gulf through intervening named bays. Hynes v. Packard, 92 Tex. 44, 45 S. W. 562; De Merit v. Robison, 102 Tex. 358, 116 S. W. 796.

The second description, "All lands within appellees' pasture inclosure," extended, not to the line of the highest tide according to the title, but to the waters' edge, and thereby included in the pasture inclosure the shore line as definitely defined in the opinion in Hynes v. Packard, 92 Tex. 44, 45 S. W. 562.

[4] There was an abundance of evidence that the pasture inclosure contained land lying between the low and highest tide. By the term "highest tide" we must not be understood to mean the highest crest of storm driven sea water.

[5, 6] In and upon the shore line, as fixed by the civil law in this instant case, and in and upon the navigable waters, appellants enjoyed rights coequal with appellees. Neither could have the other enjoined from the reasonable use of either. City of Austin v. Hall, 93 Tex. 591, 57 S. W. 563. Burrus Ferry B. & C. Ry. Co. v. Allen, 164 S. W. 878; Orange Lumber Company v. Thompson, 59 Tex. Civ. App. 562, 126 S. W. 604.

[7] Hunting, camping, and fishing are reasonable uses of the navigable waters and shore line. State ex rel. Cates, v. West. Tenn. Land Co., 127 Tenn. 575, 158 S. W. 746, Ann. Cas. 1914B, 1043, and authorities cited therein.

[8] Appellees could acquire an exclusive or prior right to the shore line in only one way, and that is from the state by express legislative act clearly granting it. No state ministerial officer under the present laws could lease or sell or in any other way grant such exclusive privilege. Hynes v. Packard, 92 Tex. 44, 45 S. W. 562.

We therefore conclude that the judgment should be reformed by striking from the restraining order the following words: "And from trespassing or entering upon the pasture inclosure of the plaintiffs for all or either of said purposes." As thus reformed the judgment of the trial court is affirmed. All costs of this court adjudged against appellants.

Reformed and affirmed.