## CURRY v. E. E. STONE LUMBER CO.
### No. 4604.

Court of Civil Appeals of Texas. El Paso.
Dec. 8, 1948.

Rehearing Denied Jan. 12, 1949.

E. D. Hurt and Esir Tobolowsky, both of Dallas, for appellant.

T. J. Stovall, of Houston, for appellee.

McGILL, Justice.

This was a suit to recover a balance of $6300 of an indebtedness originally owing by the Russell Brokerage Company of Dallas to the J. C. Dobbs Manufacturing Company of Houston, such indebtedness having been assigned to appellee. Trial was to the court, resulting in a judgment against appellant for the amount sued for.

Appellee as plaintiff alleged that the Russell Brokerage Company was a partnership firm composed of Russell G. Holl, Ira W. Curry, J. H. (Pat) Murphy and Eddie Bowlin, and sought judgment against all such parties. However, plaintiff later dismissed as to Bowlin. The judgment was against the firm, and Holl,

Murphy and Curry, jointly and severally. Curry alone has appealed.

In his answer Curry alleged that the obligation to the J. C. Dobbs Manufacturing Company was created prior to and existed at the time the partnership agreement was entered into between Holl, Murphy and him; that at the time of the assignment of the indebtedness to plaintiff he knew nothing about it, and at no time did he agree to pay any part thereof; that if the assignment was accepted by Holl and Murphy it was without his knowledge. He further alleged that the partnership between Holl, Murphy and him "which consisted of Russell Brokerage Company, Hot Springs Box Company, Wood Fabricating Company and Si-Nif Company was dissolved on January 29, 1945," and he attached and made a part of his answer a copy of the dissolution agreement. His answer was verified.

We shall hereafter refer to the Russell Brokerage Company as the "brokerage company" and to the J. C. Dobbs Manufacturing Company as "Dobbs."

In response to appellant's request the court filed findings of fact which were challenged in the trial court, but are not challenged by any points on this appeal. Such findings, therefore, form the basis of the judgment. Rule 299, Texas Rules of Civil Procedure. For the purposes of this appeal the material findings are in substance that the defendant Curry was a partner in the partnership firm of Russell Brokerage Company from August 6, 1944, to January 29, 1945; that some time in August or September 1944 the brokerage company placed an order with Dobbs for certain kinds of boxes for shipment to the Canada Dry Company, the boxes being purchased from Dobbs by and charged to the brokerage company; that Curry was a partner in the brokerage firm at the time such order was placed and at the time each carload of boxes was shipped for the account of the brokerage company; that at no time did he notify plaintiff or Dobbs that he was withdrawing from the partnership firm of the brokerage company; and that at all material times he was a partner in the brokerage company firm, which consisted of Russell G. Holl, J. H.

(Pat) Murphy and Ira W. Curry. The conclusion which is here challenged was that Holl, Murphy and Curry were jointly and severally liable to plaintiff for the indebtedness sued upon.

Appellant has presented 21 points. They are, in substance: Under the undisputed evidence the purchase of the boxes by the brokerage company was beyond the scope of the partnership business and appellant had nothing to do with such purchase and same was not binding on the firm or him, and the court erred in concluding he was liable therefor, since such conclusion was not authorized by the pleadings or proof; the court erred in refusing to permit defendant Curry to file a trial amendment setting up that the partnership between Curry, Holl and Murphy was for the sole purpose of producing boxes and carrying on a brokerage business to sell such boxes or boxes produced by Curry, and a patent medicine known as "Si-Nif" which was owned by Curry; and the court erred in refusing to make additional findings of fact as requested, and in refusing to hold that a novation was effected on March 25, 1945, by an agreement between plaintiff and Holl and Murphy, whereby Curry was released of any liability.

■■■. As an abstract proposition of law it may be conceded that a member of a partnership is not bound by the acts of his co-partners in which he does not participate, where such acts are not within the scope of the partnership business, and the party dealing with the firm in no way relies on the fact that such member is a partner thereof. The trouble with this proposition, which is embraced in appellant's points, is that it has no application under the record here. Since the trial court's findings are not challenged by any point on this appeal, we must accept them. One of the requested findings which was refused was that the dealings of defendants Murphy and Holl with Dobbs and plaintiff were not within the scope of the partnership formed by defendants Murphy, Holl and Curry on August 6, 1944. In passing on this requested finding the court could properly consider admissions contained in defendant Curry's verified pleading, as well as the evidence. As heretofore stated, in his

answer Curry alleged that the partnership consisted of the Russell Brokerage Company, Hot Springs Box Company, Wood Fabricating Company and Si-Nif Company. These were four distinct enterprises which according to the allegation were embraced in the partnership business. The dissolution agreement which was attached to Curry's answer and made a part thereof specifies that Curry should take that part of the partnership business known as the Si-Nif Company, and that Holl and Murphy should take that part known at Hot Springs Box Company, Russell Brokerage Company and Wood Fabricating Company. Curry was to get the Si-Nif Company free of all partnership debts and obligations. Holl and Murphy were to assume all partnership obligations, debts, and accounts, and they agreed to transfer to Curry one-third of the cash on hand deposited in the East Grand Bank of Dallas (from Curry's testimony it is deducible that this money was deposited to the credit of the Hot Springs Box Company, which according to Curry's allegation would constitute it partnership money) and one-third of the accounts owing to the partnership, in the approximate sum of $400 and $1000 in cash (presumably partnership money) and to execute and deliver their note for $1000 payable to Curry, secured by chattel mortgage on the partnership property. Curry's testimony is not inconsistent with the recitals in this instrument. He did testify to the effect that the only purpose of the partnership between him, Holl and Murphy was to manufacture boxes in his plant at Hot Springs, Arkansas, and to sell them, and a Si-Nif patent medicine which he owned. This was inconsistent with his allegation that the partnership consisted of the four enterprises above mentioned and with the distribution made of the partnership assets as evidenced by the dissolution agreement. He also testified that he had gone to Houston in December, 1944, with Murphy, at Murphy's request, to explain to representatives of Dobbs and plaintiff, who were pressing for payment, that Murphy was going to be able to pay some money in the future because "we were starting up production in the box plant at Hot Springs,

Arkansas, where we would take some money out of that and put it into this." Letters from the brokerage company to Dobbs or plaintiff dated in October and November 1944 and January 1945 on which Curry's name appears were introduced in evidence.

Such admissions and evidence warranted the court in concluding that the transaction with Dobbs was within the scope of the partnership business, and in refusing to make the requested finding.

■ Little more need be said. It would have availed appellant nothing had the court permitted him to file his trial amendment, since impliedly the court found against him on the facts he sought to allege. Clearly there is no evidence of a novation, since appellee did not agree to relinquish its claim against the partnership and accept Holl and Murphy as the debtors. If plaintiff's pleading was insufficient to sustain a judgment against the partnership the error in so rendering judgment was not pointed out to the trial court and it is not here available to appellant.

Finding no reversible error we overrule all points and affirm the judgment.

Affirmed.

### On Motion for Rehearing.

■ In his motion for a rehearing appellant earnestly insists that we were in error in holding that the trial court could properly consider admissions contained in defendant Curry's verified pleading in passing on his requested finding that the dealings of defendants Murphy and Holl with Dobbs and plaintiff were not within the scope of the partnership formed by defendants Murphy, Holl and Curry on August 6, 1944. He relies on a rule of law which is well established, to effect that where a defendant answers by a general denial matters alleged by him in a special plea cannot be considered as judicial admissions against him. Silliman et al v. Gano, et al, 90 Tex. 637, 39 S.W. 559, 40 S.W. 391; Hynes v. Packard, 92 Tex. 44, 45 S.W. 562; Houston, E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 70 S.W. 531, 97 Am.St.Rep. 877; 8 Tex.Jur.Supp.

1937-1947, p. 292, Sec. 215. We think these authorities have no application. Plaintiff alleged that defendants Holl, Curry, Murphy and Bowlin composed the partnership firm of Russell Brokerage Co. and that prior to January 16, 1945, said defendants were indebted to Dobbs in the sum of $10,412.66. Defendant Curry did not deny the partnership by verified affidavit, as required by Rule 93, Texas Rules of Civil Procedure. His general denial did not put the question of partnership in issue. His special plea practically admits the existence of the partnership between August 6, 1944 and January 29, 1945. Drew v. Harrison & Bros., 12 Tex. 279. As indicated in Houston, E. & W. T. Ry. Co. v. De Walt, supra, it is only where a defendant by general denial or otherwise puts in issue a fact that his pleading on which the case is tried admitting such fact cannot be considered as a judicial admission against him. In his special plea defendant Curry alleged a partnership between Holl, Murphy and Curry. The facts alleged in such plea which were put in issue were: That the obligation to Dobbs was in existence and was created prior to the date of such partnership; that he, Curry, knew nothing about it or about its assignment to plaintiff; and that a novation was effected by the agreement of March 23, 1945, alleged by plaintiff. With reference to these facts specially alleged, all the facts alleged in the special plea that were beneficial to the plaintiff in disproving the facts put in issue by such plea are judicially admitted and need not otherwise be established. The rule is thus tersely stated in Fowler v. Davenport, 21 Tex. 627, at 634:

"The general issue or general denial puts the plaintiff upon the proof of his cause of action by evidence, whatever else the defendant may have pleaded. Each plea presents a separate issue. The special plea in this case presents the issue that defendants used due diligence as private carriers and ordinary bailees for hire. With reference to that issue, thus presented, all the facts stated in that plea that are beneficial to the plaintiff, in disproving that issue, are admitted, and need not be otherwise established. A case might arise where there would be inconsistent and contradictory allegations in the same plea, and in that case the rule might well obtain that, for the purpose of the issue presented by that plea, the allegation most favorable to the plaintiff should be treated as an admission in his favor."

This rule is certainly applicable where the allegations of special pleading which tend to establish the facts put in issue by it have not been put in issue by the general denial. Those allegations are the existence of the partnership consisting of Russell Brokerage Co., Hot Springs Box Co., Wood Fabricating Co., and Si-Nif Company, and the terms of the dissolution of such partnership which were not alleged by plaintiff and hence not put in issue by the general denial.

We adhere to the view that the trial court could properly consider such admissions as well as the evidence in determining whether the dealings of defendants Murphy and Holl with Dobbs and plaintiff were within the scope of the partnership formed by Murphy, Holl and Curry on August 6, 1944.

The motion is overruled.