James T. RAGSDALE et ux., Appellants,

v.

H. B. LANGFORD et ux., Appellees.

No. 10977.

Court of Civil Appeals of Texas.

Austin.

June 13, 1962.

Rehearing Denied July 11, 1962.

J. J. Byrne, Lampasas, Curtis, Duncan & Bragg, Killeen, for appellants.

W. Lance Corsbie, Waco, for appellees.

RICHARDS, Justice.

H. B. Langford et ux., appellees, brought an action for damages against James Ragsdale et ux., appellants, for breach of a covenant against encumbrances in a general warranty deed conveying the title to certain business premises in the City of Killeen, Texas, to appellees. At the time of the execution of the deed by appellants there was an outstanding unrecorded lease upon a building which formed a part of the conveyed premises for an unexpired term of approximately 5½ years which had been executed by James Ragsdale as lessor to one Tom Ragsdale as lessee. Shortly after Langford had taken possession of the premises under the deed, he was advised by appellant James Ragsdale of the outstanding lease to Tom Ragsdale, whereupon appellees filed this suit.

The case was tried before a jury, which found in answer to a special issue that the reasonable rental value of the building under lease to Tom Ragsdale was $100.00 per month for the five year period from March, 1959. The Trial Court rendered judgment in favor of appellees for the sum of $5,-700.00 with 6% interest from date of judgment, the amount of the judgment being based upon the jury's finding of $100.00 rental value per month for a period of five years less the amount of $300.00, the amount

payable under the lease at $5.00 per month for the same period. After motion for new trial filed by appellants had been overruled, this appeal was perfected.

Appellants' appeal is based on four points of error, which, in summary, are (1) that the monthly rental value of the leased premises was not the proper measure of damages; (2) that the verdict is not supported by the evidence since there was no evidence that the premises or the improvements were or were not of uniform class, grade or value and no evidence as to the value of the improvements compared with the value of the land or of the value of the improvements under lease compared with the value of the unleased improvements and (3) that appellee Langford was not qualified as a witness to testify as to the rental value of the premises which had been previously leased to Tom Ragsdale.

■ The statutory covenant against encumbrances provided by Art. 1297, Vernon's Ann.Civ.St., is intended to protect a grantee against rights or interests of and in third persons which, although consistent with the fee being in the grantor at the time the conveyance is executed, diminish the value of the estate conveyed. Such a covenant is one of indemnity providing compensation for damages arising from the outstanding right or interest of a third person which is breached upon the execution and delivery of the deed. City of Beaumont v. Moore, 146 Tex. 46, 202 S.W.2d 448, 453.

■ The measure of damages in a suit for breach of warranty is governed by the rule applicable to partial failure of title, that the damages will bear the same proportion to the whole purchase money as the value of the part to which the title fails bears to the whole premises estimated at the price paid. City of Beaumont v. Moore, supra; Hynes v. Packard, 92 Tex. 44, 45 S.W. 562; 15 Tex.Jur.2d, "Covenants", Sec. 80.

■ Where property is purchased for rental purposes and there is an outstanding lease which constitutes a breach of the covenant against encumbrances, the measure of damages is the value of the use of the premises which is ordinarily the rental value during the remainder of the unexpired term of the lease. 21 C.J.S. Covenants § 145c.

■ The Trial Court submitted the following Special Issue to the jury:

"What do you find from a preponderance of the evidence to be the reasonable rental value of the paint shop in question, per month, for the five year period from March of 1959?"

to which the jury answered "$100.00". No written objection to the submission of the issue having been made, such objection was waived. Rule 72, Texas Rules Civ.Procedure. Nor did appellants request the submission of any other special issue upon the question of damages. Since appellants failed to object to the submitted issue on damages and failed to request further issues, they cannot now complain of the issue as submitted by the Trial Court or the failure of the Trial Court to submit additional issues. Rule 279, T.R.C.P.; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, 85.

■ Appellants complain that the verdict of the jury is not supported by the evidence since there was no evidence that the premises or improvements were or were not of uniform class, grade or value and there was no evidence of the value of the improvements compared with the value of the land or of the value of the improvements under lease compared with the value of the unleased improvements is untenable. Under the uncontradicted evidence the premises in question consisted of a tract of land upon which buildings had been erected which were occupied by different commer-

cial businesses, namely, a cafe, a radio shop, a furniture store, a welding shop, a wheel aligning shop and a paint shop, the rentals of which were computed upon various bases. Therefore, there was no necessity of proof that the premises in question were of a uniform class and grade unless the premises had been sold upon an acreage basis at a certain price per acre and title having failed to a certain number of acres it would be necessary in a recovery of damages of the breach of title to show that all of the acres were of equal value.

■ Where, however, as in the instant case, there is a disproportionate value as to different parts of the premises conveyed, the true measure of damages, if there was a failure of title to any portion of the land, would be the actual value of the particular lot or parcel to which there was a failure of title, which value would be ascertained by its relative value compared with the balance of the land assuming the price agreed upon by the parties as the value of the whole. Raines v. Calloway, 27 Tex. 678, 685; Mayer & Schmidt v. Wooten, 46 Tex. Civ.App. 327, 102 S.W. 423, 427, no writ history.

The transcript of the record fails to show that appellants' counsel made any objection in writing to the special issue submitted by the Court. However, appellants' fifth ground of their Motion for New Trial was that the Court erred in submitting the requested special issue "over the objection of Defendants" because the monthly rental value of the ground leased to Tom Ragsdale was not the proper measure of damages, if any. If we are to assume that appellants had made the proper written objection to the special issue as required by Rule 72, T.R.C.P., and that such objection was inadvertently omitted from the transcript, this would not avail appellants.

■ In Whitson Company, Inc. v. Bluff Creek Oil Co., 156 Tex. 139, 293 S.W.2d 488, 493, the Court held as follows:

"No instructions were requested regarding the factors which the jury might consider in measuring market value. The only objection made by it to the special issue submitting market value * * * was this: 'Because said issue does not inquire as to the proper measure of damages.' That general objection cannot be considered. If the market value as submitted was not the correct measure of damages, objection should have been made to the issue by Whitson Company pointing out distinctly the grounds for its objections. Rule 274, Texas Rules of Civil Procedure. Having failed to do so, it cannot thereafter be heard to say that the measure of damages as submitted was improper."

Further, in the absence of a showing to the contrary, this Court will presume in support of the judgment that the proper measure of damages was applied by the Trial Court. 4 Tex.Jur.2d "Appeal and Error—Civil Cases," Sec. 812.

Appellee, H. B. Langford, testified that prior to the execution of the warranty deed from appellants to appellees on March 22, 1959, Tom Ragsdale, who represented himself to be the agent of appellants for the sale of the property in question, took him to the premises which consisted of a commercial lot, partitioned off into several buildings consisting of a cafe, a radiator shop, a furniture store, a welding shop, a wheel aligning shop and a paint shop. The paint shop at that time was occupied by Tom Ragsdale, who represented to him that the rental value thereof was $100.00 per month and that he would pay that amount. The next day appellant James Ragsdale also showed the buildings to him which resulted in the purchase by appellees of the premises from appellants on April 1, 1959 under a general warranty deed for a consideration of $35,000.00. Appellant James Ragsdale continued to occupy the premises for approximately thirty days thereafter, at which

time Langford took possession thereof and about ten days or two weeks later appellant James Ragsdale exhibited an outstanding lease by him to Tom Ragsdale of the building containing the paint shop, which lease was for a period of 5½ years commencing October 25, 1958, and ending April 24, 1964, at a monthly rental of $5.00.

He further testified that he was familiar with the property values of business properties in the City of Killeen; that he had purchased the premises in question for rental purposes for a consideration of $35,000.00 which was the reasonable cash market value of the property at the time of the conveyance without the lease; that possession of the paint shop under lease to Tom Ragsdale had been withheld from appellees by appellant James Ragsdale and Tom Ragsdale; that prior to his purchase of the property from appellants Tom Ragsdale had told him that he would pay him $100.00 per month rental for the use of the premises which he was occupying under the prior lease and he was not advised by Tom Ragsdale of the existing lease of the paint shop.

No objections were made by appellants' counsel to any of the testimony given by the witness as to the reasonable market value of the property or as to the statement made to him by Tom Ragsdale that he would pay appellees $100.00 per month rental for the paint shop. Instead, appellants' counsel cross-examined him concerning the statement made to him by Tom Ragsdale as to the monthly rental value of the paint shop of $100.00 per month which he would pay and that he knew of others who would be willing to rent the premises at such amount.

Appellees introduced in evidence the deed with a general warranty clause from appellants to appellees showing a total consideration of $35,000.00 as the purchase price of the premises, and the unrecorded lease from appellee J. T. Ragsdale as lessor to Tom Ragsdale as lessee.

In a suit for breach of warranty of title recitals of the consideration contained in the deed of conveyance constitute prima facie evidence of the value placed upon the property. White v. Street, 67 Tex. 177, 179, 2 S.W. 529, 530. The testimony of appellee Langford as to the reasonable market value of the premises and the rental value of that part which was encumbered by the existing lease was subject to rebuttal by appellants who, however, offered no evidence whatever as to the reasonable market value of the premises or the rental value of the leased paint shop, nor was the testimony of appellee Langford or his qualification as a witness as to the market value of the entire premises and the rental value of the premises under lease objected to upon any ground. The qualification of a witness testifying as to market value is primarily a question for the decision of the Trial Court. Slack v. Magee Heirs, Tex.Civ.App., 252 S.W.2d 274, 280, aff. 152 Tex. 427, 258 S.W.2d 797; 24 Tex.Jur.2d, "Evidence", Secs. 531, 532, 533.

We hold that the Trial Court did not err in admitting in evidence and considering the testimony of appellee Langford as to the reasonable market value of the property and the reasonable rental value of the premises encumbered by the prior unrecorded lease to Tom Ragsdale.

All of appellants' points of error are overruled. It is our opinion that the Trial Court correctly submitted the special issue upon the question of damages and that there was ample evidence before the Trial Court to support the judgment which is accordingly affirmed.

Affirmed.